## E. I. Tinkham & Co.

*v.*

## James O. Heyworth.

1. ACTION ON THE CASE — *bankers as collectors.* An action on the case will not lie against a banker for failing to pay over money collected by him in that capacity, for another.

2. When the collection is made, the banker may credit the customer with the amount, and he then holds it the same as an ordinary deposit. And this whether the customer keeps an account with the bank, or not, as depositor. Thus the relation of debtor and creditor is created, and the form of action to recover the money, must conform to that relation.

3. ATTORNEYS — *a different rule applies.* But if an attorney should fail to pay over money collected, an action on the case would lie against him to recover it.

4. Money collected by an attorney never becomes his, nor has he any right to use it, but should pay it over immediately, without demand.

APPEAL from the Superior Court of Chicago.

E. I. Tinkham & Co. were bankers in the city of Chicago, and in the usual course of their business as 'such, collected notes, bills, drafts, etc., for their customers. Heyworth, the appellee, who was doing business in the same city as a merchant, under the name of J. O. Heyworth & Co., was a customer of these bankers, and kept a deposit account with them, drawing his money out as occasion required. While this relation existed between the parties, Heyworth placed in the hands of the bankers a demand for $103.10 against one Tewksbury, for collection.

The bankers collected the amount from Tewksbury, and placed it to the credit of Heyworth, under his firm name of J. O. Heyworth & Co.

The bank deposit book of Tinkham & Co. showed an account between the parties, which was balanced January 11, 1861, and there was entered as the last item, "March 13, 1861, Dr. to coll. G. D. Tewksbury, 103.10."

On the 11th February, 1862, Heyworth made demand of

the amount so collected for him by Tinkham & Co., and they refused to pay it over.

It was the general and universal custom in Chicago for bankers to pass all collections for customers to their credit, like any other deposit, and this was so in the case of a single collection for a party not previously a customer or depositor.

On this state of facts, Heyworth, on the 20th of February, 1862, commenced an action of "trespass on the case" in the court below, against Tinkham & Co., to recover the amount collected by them upon the demand which he had placed in their hands against Tewksbury. Such proceedings were had in that suit, that the plaintiff recovered a judgment against the defendants, from which they took this appeal.

The assignment of errors presents the question, whether an action on the case will lie against bankers who fail to pay over money which they have collected for others.

Messrs. FULLER & HAM, for the appellants.

Where the relation of debtor and creditor, merely, exists an action on the case cannot be maintained, since the cause of action is the breach of the contract simply, and the promise is the gist of the action.

Where money is deposited in a bank in the ordinary course of business, the relation of debtor and creditor is created. Edwards on Bailments, 66; *Marine Bank* v. *Chandler*, 27 Ill. 525.

The bank is to restore not the same money, but an equivalent sum. Story on Bailments, sec. 88.

The money, checks or bills which are the subject of the deposit, become the property of the bank, and the depositor becomes a creditor. *Chandler's Case*, 27 Ill. 525.

And there is no difference between a collection by the bank passed to the credit of the customer, and any other deposit. *Bank* v. *Chandler*, 27 Ill. 525.

Therefore held that if a bank receives notes for collection, the probable profit to arise from the money remaining after collection made, is consideration enough to render the bank

liable for want of due and legal diligence and care. Parsons' Merc. Law, 144, and cases cited; *Smedes* v. *Bank of Utica*, 20 Johns. 372.

The custom of banks to treat collections as no different from other deposits, was fully established by the evidence, and must be acknowledged and enforced. *Munn* v. *Burch*, 25 Ill. 35.

The custom was also proved to be the same in the case of a single collection for a party not formerly or otherwise, a customer.

The undertaking of the bank in making the collection, is fully discharged when the money reaches its vaults. It then stands precisely as if the money had been paid over, and paid back as a deposit.

The counsel also cited *Russell* v. *Hanky*, 6 T. R. 12; *Ex parte Parsons*, Ambl. 219; 6 New Hamp. 540; 1 Smith's Leading Cases, 338, top q. (5th Am. Ed.)

Messrs. HERVEY, ANTHONY & GALT, for the appellee.

When the appellants received the note for collection, it was their duty to collect it, and pay over the proceeds to appellee on demand. Their duty was not discharged by collecting the note, simply; but it was their duty to pay over the proceeds of it to the appellee or his authorized agent, on demand; and for a breach of this duty an action on the case will lie.

In 1 Hilliard on Torts, p. 28, sec. 22, this doctrine is laid down: "Where there is an employment — which employment itself creates a duty — an action on the case will lie for a breach of that duty." See also, *Robinson* v. *Threadgill*, 13 Ired. 39; *Church et al.* v. *Mumford*, 11 Johns. 479.

In 1 Chitty Plead., p. 135, 136, the same doctrine is laid down: "An action on the case lies against attorneys or other agents, for neglect or other breach of duty or misfeasance in the conduct of a cause, or other business, etc., though it has been more usual to declare against them in assumpsit. And though assumpsit is the usual remedy for neglect or breach of

33

duty against bailees, whose liability is founded on the common law, as well as on the contract, yet it is clear that they are also liable, in case, for an injury resulting from their neglect or breach of duty in the course of their employ. And it seems that, although there be an express contract, still, if a common law duty result from the facts, the party may be sued in tort for any neglect or misfeasance in the execution of the contract.

The case of *Clayburgh* v. *The City of Chicago*, 25 Ill. 535, and the cases there cited, show that the plaintiff, in cases like the one at bar, has a choice of actions; and that trespass on the case will lie for a breach of duty.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court.

Were this action against an attorney, for not paying over money collected, we should not hesitate to hold that case would lie. We think it is different in the case of a bank. Different duties and different rights arise in the two cases. The bank receives no fee for its services, but only the use of the money until it shall be called for by the creditor, while the attorney is entitled to a direct reward, and has no right to use the money at all, but must pay it over to his client immediately, without demand. Money thus collected never becomes the attorney's money; he has no right to make himself the debtor of the client by crediting him with the amount, while the bank may place the money in its vaults as its own, and credit the customer with the amount, and thereby become the debtor of the customer, the same as in case of an ordinary depositor, and this, whether the customer keeps an ordinary account with the bank or not. Such is the universal custom with banks, and if we may not take notice of this custom, it was abundantly proved on this trial. When the money is thus credited by the bank, it assumes every responsibility for its safety, while this is not the case with an attorney. In many respects, the undertaking is very different in the two cases.

When this money was collected and placed to the credit of the plaintiff, the only relation between the parties was that of debtor and creditor, and the form of the action should have conformed to that relation. We think an action as for a tort would not lie.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*