PLANO MANUFACTURING COMPANY *vs.* JOHN E. BUXTON.

December 17, 1886.

Principal and Agent—Contract as to Commission—Principal bound by Settlement.—An agent employed for a season, to sell agricultural machinery of the principal, was required by his contract of agency to sell to responsible parties only. He was to have a stated commission only upon sales to responsible parties. His commission was to be paid proportionately in cash and in notes taken for property sold. Notes taken by the agent for sales which, upon examination, should prove to be doubtful, were to be taken by the agent as part of his commission, or should be satisfactorily secured by him. He was to make final settlement with the principal after harvest. Upon the final settlement the agent delivered to the principal, without fraud, notes of an insolvent maker, taken in the course of the agency. *Held*, the agent was entitled to have his commission settled and paid at the time of the stipulated final settlement, and the principal must then determine whether he would retain the notes surrendered by the agent, or, if found of doubtful value, put the agent to his election to take them as part of his commission, or to secure them. The principal, having retained the notes in question about two years after such settlement, is not entitled to recover against the agent.

Appeal by plaintiff from an order of the district court for Steele county, *Buckham*, J., presiding, refusing a new trial.

*Baxter, Townley & Gale*, for appellant.

*A. C. Hickman*, for respondent.

DICKINSON, J. The defendant became an agent for the plaintiff for the sale of its machines during the year 1882, under a written contract. The contract required the defendant to sell "to good and responsible men only," to keep accounts of all sales and transactions, and render the same to the company when required, "accounting and making final settlement as soon after the harvest of 1882 as may be required by the said company." The contract further provided for an allowance to the agent of a commission of 25 per cent. "upon all sales that are good, and to parties that are responsible; but in no case shall a commission be allowed on bad or doubtful notes or accounts, and, when such commission may have been allowed and cred-

ited, the same shall be charged back to said agent. All commissions to be paid proportionately from the cash and notes received for the sales of said machines. Any note taken by the said agent for sales that, upon examination, may prove doubtful, shall be taken by said agent as part of his commission, or shall be secured in some way satisfactory to the company."

Towards the close of the year 1882 the parties had a settlement of the business of the agency, and the defendant then delivered to the plaintiff certain promissory notes of one Wagner, payable to the plaintiff, which the defendant had taken in the prosecution of his agency. These notes having never been paid, and Wagner being, as the evidence upon the trial went to show, insolvent when the defendant took the notes, the plaintiff seeks to recover the amount of the same from the defendant. It does not appear that the plaintiff made any demand upon the defendant in respect to the notes, or signified its intention to look to him for satisfaction, until August, 1884, nearly two years subsequent to the settlement. Upon these facts the court directed a verdict for the defendant.

The direction was right. Without regard to the form of the pleadings, no right of recovery was shown. There was no proof of fraud. The agency was, by the terms of the contract, only for the season of 1882. It contemplated a "final settlement" after the business of the agency should be completed. Such a settlement took place. The agent was at that time entitled to have his commissions settled and paid. The principal could not postpone the payment of the commissions due to the agent for an indefinite time, nor until the maturity and collection of all the notes taken in the course of the business. While the agent was required to sell to responsible parties only, yet the contract entitled him, even if he should take notes which, "upon examination," might prove doubtful, to retain such notes himself "as a part of his commission." The effect of the contract was to require the principal, upon the final settlement of the business, to make such examination as should be necessary to enable it to determine whether it would retain the notes then turned over to it, as being such as the agent was required to take, or whether it would put the defendant to his election to take them as part of his commissions,

or to satisfactorily secure the same. *Minneapolis Harvester Works* v. *Smith*, 30 Minn. 399, (16 N. W. Rep. 462.) The plaintiff claims that it may recover because of the violation of the agreement to sell only to responsible parties. But this right is qualified by the stipulation which entitles the defendant, in every such case, to protect the plaintiff from harm by himself taking the notes in payment of his commissions. It was too late to tender the notes to the defendant after the plaintiff had so long retained them as its own. The last note matured about a year before the defendant was notified of the plaintiff's election.

Order affirmed.