### MULVEY *v.* STAAB and others.

(*Supreme Court of New Mexico.* January 24, 1887.)

1. ACTION—FORM OF—CASE OR CONTRACT.
     The complaint alleged that defendants, in pursuance of a design to extend their business, agreed with plaintiff that he should open a store in a certain place, and that they would supply him with goods, to carry on the business ; that, in reliance thereon, plaintiff abandoned his other business, and leased a store in the place named, and made other preparations to go into the business proposed, but defendants neglected and refused to perform their part of the contract. Upon the facts stated, *held*, that an action on the case would not lie.[1]

2. PLEADING—DEMURRER—WAIVER.
     The right to demur is not waived by calling for a bill of particulars.

Appeal from district court, Bernalillo county.

Trespass on the case. Demurrer to complaint sustained below. Plaintiff appeals. .

*Bernard Rodey* and *N. C. Collier*, for plaintiff and appellant.   *Childers & Fergusson*, for defendants and appellees.                                                     ﹨

HENDERSON, J. Appellant, Frank Mulvey, filed in the office of the district clerk of the county of Bernalillo a declaration in case in the following words:

"Your petitioner, Frank Mulvey, a resident of the county of Bernalillo, in the said territory, complains of Edward Spitz and Abraham Staab, partners in trade under the firm name and style of Staab & Co., doing business as general merchants at Albuquerque, in said county,—said Spitz being a resident thereof, and said Staab being a resident of the county of Santa Fe, in said territory,—in an action of trespass on the case, for that whereas, the said defendants, as copartners, as aforesaid, on the twenty-fourth day of July, A. D. 1885, and before and at the time of the committing of the grievances hereinafter mentioned, were engaged, at the said town of Albuquerque, in the business of wholesale dealers in general merchandise, and wishing to secure an increase of trade, and to promote their business, through the medium of a tributary branch retail store at the town of Rincon, in the county of Dona Ana, in said territory, and well knowing that the said plaintiff was well acquainted with and accustomed to carrying on the business of general mer-

---

[1] See note at end of case.

chandising in all its branches, and in consideration thereof proposed to said plaintiff to secure for him a lease of a suitable store-room or building for the carrying on of such a retail business at said town of Rincon, for the term and space of one (1) year after said store-room should be built and ready for occupancy, (the same then being in course of construction, and expected to be finished and ready for occupancy within thirty days then next ensuing,) and that the said plaintiff should go to the said town of Rincon, and carry on said business, and that they, the said defendants, should supply him with a stock of general merchandise, such as said plaintiff, in his discretion, might require, up to eight thousand dollars, on a credit of forty days on groceries, and sixty days on dry goods and clothing, with renewals on any unpaid portion of any bill at the end of such terms, on interest at twelve per cent. per annum, and to continue thereafter, during such full term, to supply him with such goods, wares, and merchandise as he might require in the carrying on of said business, at a reasonable price, provided that the plaintiff would purchase all the goods, wares, and merchandise which he might require in said business from the said defendants, for and during said full term, and provided, further, that said plaintiff would make payments to said defendants as often as he had in his possession, from the sale of such goods, as much as one hundred dollars,—the said plaintiff to make such profits as he could on the sale of such goods for his own behoof and benefit during such term. To which proposition the said plaintiff, in consideration of the premises, then and there acceded and accepted, and in pursuance thereof, and at the special instance and request of said defendants, proceeded to said town of Rincon, and for and on account of said defendants there made and entered into a contract of lease for the building or store-room before mentioned, (it being then in course of construction,) with one Atchinson McClintock, for the term of one year from the twenty-fourth day of August, A. D. 1885; and the plaintiff then and there, as preliminary to the taking possession of said store-room and the opening of said business, laid aside all his other business and employment, and devoted all his time and efforts to such preparations as would tend to the success of said business, after the opening thereof, and in that behalf also expended a large sum of money, and has ever since held himself out as ready and willing to begin and carry on the said business in accordance with the terms of said contract and agreement, and has, on sundry occasions since the completion of said store-house or building, and its being made fit and suitable for the carrying on of said business, made sundry demands upon the said defendants to furnish him, the said plaintiff, with the goods, wares, and merchandise to be furnished in accordance with the terms and conditions of said contract and agreement. Yet the said defendants, not regarding the said contract, and the terms thereof, and their obligations to furnish the goods as aforesaid, have wholly neglected and refused, and still do neglect to do or perform, any or all of the provisions in said contract by them to be performed; but, on the contrary, did not and would not perform the same, or any part thereof. By reason of which neglect and refusal the plaintiff hath sustained damage in the sum of five thousand dollars; wherefore he brings suit, and asks judgment of this honorable court for said sum of five thousand dollars, his damages, together with costs of suit."

After several motions and rules to plead had been made, the defendant demurred to the declaration, and assigned for cause the following: "(1) That the plaintiff has brought an action of trespass on the case upon the said several supposed promises alleged in the declaration, when such an action is not maintainable upon the said supposed facts in said declaration mentioned; (2) that the said declaration fails to show any consideration for the said several supposed promises in said declaration mentioned; (3) that the said declaration sets forth and alleges an undertaking on the part of the defendants that required more than a year from the making thereof and the performance

thereof; (4) for other insufficiencies and informalities contained in the declaration."

At the return-term of the writ the defendants were ruled to plead. An extension of time in which to plead was granted. Afterwards, at a later term of the court, defendants obtained an order on plaintiff to file a bill of particulars. This was done. Afterwards, in obedience to the rule to plead, defendants filed the demurrer above set out. The demurrer was sustained, and, the plaintiff declining to plead further, or to amend declaration, the cause was dismissed. From the judgment sustaining the demurrer, and dismissing the case, plaintiff appeals.

The action of the court in sustaining the demurrer is assigned as error. Appellant contends that, by calling for a bill of ·particulars, defendants waived their right to demur. We do not think so. A demurrer is a legal exception to the sufficiency of the opposing pleading to which it refers, and raises an issue of law, and is a pleading within· the meaning both of the statutes and common law. 1 Chit. Pl. 661–663. The rule to plead simply required the defendants to oppose by some appropriate defense the·alleged cause of action stated in the declaration. This was complied with by saying: "In legal effect you have stated in and by your declaration no legal ground of complaint against us."

The demurrer was sustained without specifying on what grounds. The declaration is in trespass on the case. Our attention has been called, in the briefs and oral arguments of counsel, to many cases, both English and American, in support of and·in opposition to the contention that the facts as laid down in the declaration make out a case in tort, or set up a state of facts on which .the plaintiff had his election to sue either in case for the tort, or in *assumpsit* for the breach of the contract alleged. In many instances the plaintiff has his election to bring either case or *assumpsit*, but the rule is not universal by any means.

Chitty on Pleadings (vol. 1, p. 134) says that "case will lie against attorneys or other agents for *neglect* or the breach of duty or misfeasance in the conduct of a cause or other business, though it has been more usual to declare against them in *assumpsit;* and, although we have seen that *assumpsit* is the usual remedy for neglect or breach of duty against bailees, as against carriers, wharfingers, and others having the use or care of personal property, whose liability is founded on the common law as well as on the contract, yet it is clear that they are liable in case for an injury resulting from their neglect or breach of duty in the course of their employ. For any misfeasance by a party in a trade which he professes, the law gives an action upon the case to the party grieved against him; as if a smith, in shoeing my horse, prick him, and other like cases. ·And it seems that, although there be an express contract, still, if a *common-law duty* result from the facts, the party may be sued in tort for neglect or misfeasance in the execution of the contract."

Appellant cites the text in 1 Chit. Pl. 135, as authority for the action. We have examined the case of *Burnett* v. *Lynch*, 5 Barn. & C. 597, on which the text is founded, to ascertain the facts in that case, and determine therefrom the meaning of the court in the use of the language employed. The facts were, in substance, these: Burnett, in his life-time, had executed a lease for a long term, with covenants to pay rent, and make repairs of the premises. Afterwards he assigned the lease by deed-poll to the defendant Lynch, subject to payment of rent and making repairs. Lynch failed to make repairs, and the executors of Burnett were sued in covenant for the breaches of the covenant contained in the lease. A judgment for a large sum was recovered against them. The executors thereupon brought case against Lynch as the assignee of the lease. The question of the remedy was learnedly discussed. There was no covenant by Lynch under the deed-poll by which he secured the benefit and enjoyment of the lease, and consequently it was determined

that an action of covenant would not lie. It was contended, on behalf of Lynch, that, if he could be held liable at all on the facts stated, the remedy was either covenant or *assumpsit,* as there was an entire absence of every element of tort. There was no express contract, either written or oral, to the effect that Lynch should pay the rent and make the repairs. The court, however, held that there was a *common-law duty* imposed on Lynch, as assignee of the lease, the benefit of which he had enjoyed, to pay the plaintiffs such sum as they had been compelled to pay the lessor on account of the breaches of the covenant.

The court upheld the action on the ground that defendant had committed a breach of duty not growing out of the contract, but out of his situation and relation to the assignor of the lease. It may be stated, as a general rule, that trespass on the case will lie in all classes of contracts, either express or implied, where, by the common law, a duty or obligation is imposed beyond the terms of the contract, and by the failure or refusal to perform such duty, or by reason of the negligent or unskillful performance of which an injury has arisen. The contract, in such cases, may be stated as inducement, and the *gravamen* of the charge the neglect to perform the common-law duty imposed. Where the breach of the contract is the gist of the action, case will not lie. *Legge* v. *Tucker,* 1 Hurl. & N. 498. Where case can be maintained, the gist of the action must be the tort complained of. *Govett* v. *Radnidge,* 3 East, 62. Where the foundation of the action is a contract, in whatever way the declaration is framed, it is an action of *assumpsit;* but, where there is a duty *ultra* the contract, the plaintiff may declare in case. *Legge* v. *Tucker, supra.*

Here a contract is stated by way of inducement, and the true question is whether, if that were struck out, any ground of action would remain. There is no duty independently of the contract, and therefore it is an action of *assumpsit. Williamson* v. *Allison,* 2 East, 452. An action on the case will not lie for the mere breach of a contract. *Woods* v. *Finnis,* 7 Exch. 363. The distinction between the two forms of action must be preserved wherever the common-law system of pleading prevails. See *Tinkham* v. *Heyworth,* 31 Ill. 519; *Hyde* v. *Moffat,* 16 Vt. 271.

The defendants were merchants, not owing any particular duty or obligation to the plaintiff or the public, independently of their contract duties. They were not of the class of carriers of persons upon whom the common law devolves an obligation or duty, the failure or refusal to perform which would ground an action in tort.

The demurrer was well taken, and the court committed no error in rendering judgment dismissing the cause on the plaintiff's declining to amend or plead further. As the judgment must be affirmed, it will be unnecessary to pass upon the sufficiency of the other ground of demurrer.

Let the judgment be affirmed; and it is so ordered.

---

#### NOTE.

ACTIONS—EX CONTRACTU AND EX DELICTO—WHEN LIE. The doctrine announced in this case is entirely sound, and is supported not only by the common-law authorities, but also by cases decided under the Code procedure. Although the Code abolishes all forms, it does not wipe out the essential distinctions between the various actions, and to declare in tort when the cause of action arises out of contract is just as fatal a defect under the Code as it is under common-law procedure. Where a contract forms the basis of the action, and is so far essential that if eliminated no cause of action remains, then there is no room for choice between actions, nor any right of waiver, but the action must sound in contract, and case will not lie. Thus, in *Minnesota* it has been held that an action against a physician for malpractice is an action *ex contractu,* which cannot be maintained against one of a firm of physicians without joining his partner, though the partner was not guilty of the malpractice. Whittaker v. Collins, 25 N. W. Rep. 632. In another case the facts were that plaintiff had constituted defendants its agents to sell harvesting machines under a contract which stipulated that defendants should indorse all notes taken in payment for machines, unless the purchaser was solvent and

owned a certain amount of unincumbered property. Defendants received from an insolvent purchaser a note, which they turned over to plaintiff without their indorsement, but they did not know of the purchaser's insolvency when they took the note or when they turned it over to plaintiff. Plaintiff's petition alleged that defendants had fraudulently turned over to it the unindorsed note. It was decided that plaintiff could not recover, as the petition sounded in tort, while the only remedy was for breach of the contract, which by another clause stipulated that, in case any of the notes turned over without indorsement should prove worthless, defendants should be liable for 23 per cent. of the amount. Harvester Works v. Smith, 16 N. W. Rep. 462. The breach of covenants in a contract for the sale of a business is not ground for rescinding the contract and suing in tort for deceit, but the proper remedy is an action on the contract for its breach. Taylor v. Saurman, (Pa.) 1 Atl. Rep. 40. Where the complaint sounds in tort for the wrongful and fraudulent negotiation of a note deposited by plaintiff with defendant for safe-keeping only, there can be no recovery for money had and received. Allen v. Allen, 5 N. Y. Supp. 518.

EFFECT OF ELECTION. Though goods wrongfully taken still remain in the possession of the wrong-doers, yet the owner may waive the tort and·sue on an implied contract of sale, and by so doing he confirms the title to the goods in the wrong-doers, and cannot thereafter sue some of them, who were not parties to the first action, for a conversion of the goods. Terry v. Munger, (N. Y.) 24 N. E. Rep. 272. But the bringing of an action of *assumpsit* for goods sold and delivered does not preclude plaintiff from duly discontinuing that action and suing in case for fraud and deceit in purchasing the goods. Flower v. Brumbach, (Ill.) 23 N. E. Rep. 335. Where work is performed under a sealed contract stipulating that no allowance shall be made for extra work unless it is done on the written order of the engineer, approved by the examiners, there can be no recovery in an action of covenant on the contract for extra work done without written orders. The only remedy is *assumpsit* on the implied promise to pay for such work after receiving it. O'Brien v. Fowler, (Md.) 11 Atl. Rep. 174. When, in a horse trade, one party assures the other that a visible defect in the wind of his horse is the result of a curable disease from which the horse is suffering, but it turns out that the defect is permanent, and the result of a different and incurable disease, the party deceived may waive the tort and sue in contract for the breach of the implied warranty. Perdue v. Harwell, (Ga.) 4 S. E. Rep. 877. So defendants in attachment may waive the direct damages occasioned by the occupation of their store by the sheriff, and maintain an action on the case against him for the consequential damages resulting from the interruption of their business. Trafford v. Hubbard, (R. I.) 8 Atl. Rep. 690. Trespass on the case is the proper remedy for a mill-owner against the county commissioners for so laying out a bridge and its approaches in the public highway near his mill as to cause him damage. Appeal of Delaware Co., (Pa.) 13 Atl. Rep. 62. And to recover damages for consequential injuries to private property occasioned by the erection of the abutments of a county bridge above the grade of the street in front of plaintiff's property the proper action is trespass on the case, County of Chester v. Brower, (Pa.) 12 Atl. Rep. 577; and also for consequential injuries occasioned by the construction of a new line of railway in proximity to private property, Railway Co. v. Holland, (Pa.) 12 Atl. Rep. 575.