PLANO MANUFACTURING COMPANY v. E. C. KLATT.[1]

Nos. 13,052—(174).

June 27, 1902.

**Contract of Agency.**

Defendant was the agent of plaintiff for the sale of its harvesting machines, and, by the terms of his contract, expressly agreed to sell to responsible persons only; taking their promissory notes for the machines sold, payable to plaintiff. It was further agreed that if the agent violated his contract, and sold machines to insolvent persons, he would, upon demand by plaintiff, either (1) take up the notes given therefor, by payment; (2) obtain satisfactory security for their payment; or (3) substitute other notes acceptable to plaintiff. By the contract, plaintiff was given ninety days after settlement and delivery of the notes to it in which to investigate and determine whether the makers thereof were solvent. Defendant delivered to plaintiff the promissory notes in question in this action as and for notes taken for machines sold by him; and plaintiff made investigation into the financial character of the makers, and learned, within ninety days thereafter, that they were insolvent and irresponsible. It is *held* that it was plaintiff's duty, under the contract, upon discovering the worthless character of the notes, to notify defendant promptly, and demand that he comply with the terms of the contract in respect to taking them up, and that its failure to do so discharged defendant from liability. *Held*, further, that the question whether such a demand was made upon defendant was properly submitted to the jury, and that their verdict is sustained by the evidence.

[1] Reported in 91 N. W. 22.

Action in the district court for Martin county to recover $335 and interest upon a contract. The case was tried before Quinn, J., and a jury, which rendered a general verdict in favor of defendant, and a special verdict, the substance of which is stated in the opinion. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Fred W. Reed*, for appellant.

*Charles M. O'Neill* and *Albert R. Allen*, for respondent.

BROWN, J.

Defendant was the agent of plaintiff for the sale of its harvesting machines during the season of 1898. The terms of the contract between the parties provided, among other things, that the agent should sell to reliable and financially responsible persons only, taking their promissory notes for the purchase price of the machines sold, payable in one and two years. He sold three machines to certain persons residing within his territory, receiving from them six promissory notes in payment of the purchase price of the same; three of them being payable on November 1, 1899, and three on November 1, 1900. In addition to the provision requiring the agent to sell to responsible persons only, the contract further provided for a settlement at the close of the season of all transactions had by the agent, and required him to then turn over to plaintiff all notes received by him for machines sold. Subdivision 4 of the contract expressly provided as follows:

"(4) Second party agrees that first party shall have ninety days from date of settlement to investigate and determine for itself the value of any and all notes taken and offered in settlement for its machines, and should it then appear that any machine has been sold and notes taken in violation of the terms and conditions of this contract, or should any note or notes at any time prove to be against parties who are not trustworthy or financially responsible at the time of settlement under this contract, then and in either case said second party agrees to take up all such notes on demand, either by paying cash, or substituting other good notes, drawing the same rate of interest, and maturing at a date not later than the notes refused, that shall be acceptable to first party, or at once, at his own cost and expense, get such notes secured in a manner that shall make them satisfactory and acceptable to the first party;

and if, for any cause, the second party is unable to comply with these conditions of this contract, he hereby guarantees the payment of said notes, and will, when so requested, sign first party's regular printed guaranty of payment on the back of said notes, and promptly deliver same to first party or its authorized agent."

Pursuant to the terms of the contract a settlement was had between the parties on September 19, 1898, and the promissory notes in question were then turned over and delivered to plaintiff, as notes received by the agent for machines sold by him. Thereafter, and within the period of ninety days, as provided by the terms of the contract, plaintiff duly investigated into the condition and character of the makers of the notes, and ascertained the fact that they were financially irresponsible, and that the notes were, as alleged in the complaint, worthless and of no value. On August 2, 1900, eighteen months or more subsequent to learning that fact, plaintiff brought this action to recover the value of the notes, basing his right of action upon subdivision 4 of the contract above quoted. Defendant had a verdict in the court below, and plaintiff appealed from an order denying its alternative motion for judgment notwithstanding the verdict, or for a new trial.

But two questions of fact were litigated on the trial in the court below, viz.: (1) Whether the makers of the notes were insolvent and irresponsible at the time of the settlement between the parties; and (2) whether plaintiff ever presented the notes to defendant, and demanded of him that he take them up by payment, or obtain surety for their payment, or replace them with other notes acceptable to plaintiff. The trial was had before the court and a jury; and the latter found specially, in answer to specific questions submitted to them, that no such demand was ever made prior to the commencement of the action, and; by their general verdict, that the makers of the notes were not insolvent or irresponsible.

Some errors are assigned in reference to the admission of evidence, and the instructions of the court to the jury; but the main question in the case is whether the notes were ever presented to defendant, and a demand made upon him to take them up by payment, or otherwise comply with the terms of his contract. It is probable that the evidence does not sustain the verdict of the jury

to the effect that the makers of the notes were financially responsible. It appears reasonably clear from the evidence that they were not, either at the time the notes were given, or at any subsequent time. But that fact is not a controlling question in the case, and is not decisive against defendant. Whether plaintiff is entitled to judgment on the merits of the case must be determined by the construction to be placed upon the provisions of the contract requiring plaintiff, upon discovering the worthless character of the notes, to demand of defendant that he take them up. By the provisions of the contract on this subject,—it is the only portion here pertinent,—it was expressly agreed between the parties that plaintiff should have ninety days from the time the promissory notes were turned over to it in which to investigate and ascertain the value thereof; and if it should appear upon such investigation that the notes were not against responsible parties, or if it should appear at any time that any notes taken in payment of a machine were against insolvent makers, then, and, in either case, defendant agreed, upon demand, either to pay them in cash, obtain security for their payment, or substitute therefor other notes acceptable to plaintiff.

It is contended by plaintiff that a fair construction of the contract made defendant a guarantor of all notes taken by him which were against insolvent persons; and that, too, whether plaintiff discovered the insolvency within ninety days or subsequently, and that his liability as such guarantor, as fixed by the contract, was not dependent upon a demand being made upon him to perform the same. We are unable to concur in this contention. The contract must be given a reasonable construction, and one to voice the intention of the parties, and give effect to all its provisions. To adopt the theory of plaintiff would result in eliminating a distinct and definite portion of the writing, or render it wholly nugatory and meaningless. The contract must be construed to have reference to two classes of promissory notes: First, those which plaintiff, within ninety days after settlement, discovered and ascertained to be against irresponsible parties; and, second, those as to the responsibility of the makers of which plaintiff was unable, for any reason, to discover within the ninety days, but did discover

subsequently. The notes here in controversy belong to the first class, the character of the makers having been discovered by plaintiff within ninety days after settlement.

The determinative question in the case is whether a demand should have been promptly made upon defendant to comply with his contract in order to create a liability on his part for their payment, or whether the mere fact that the notes were against insolvent makers created and fixed his responsibility. Appellant treats this question as one of no very serious consequence. The contention of its counsel is that the only purpose of a demand was to vest in plaintiff a right to commence the action, and that, as it appears from the answer that a demand would have been unavailing, none was necessary. But the parties did not use the expression in the contract, viz., that the agent "would take up all such notes on demand" if rejected by plaintiff, in any such sense. The contract, in respect to this feature, must be construed in the light of the rights and interests of the respective parties to be affected thereby. Plaintiff had the undoubted right to insist on a compliance with the terms of the contract,—the right to demand of defendant promissory notes made by responsible parties, or that defendant pay the face value of notes given by insolvent persons in case he was unable to obtain satisfactory security for their payment, or substitute others acceptable to plaintiff. On the other hand, defendant had the clear right to insist that plaintiff also comply with the terms of the contract. By its terms plaintiff was given ninety days to investigate and ascertain whether notes delivered to it were worthless, and, if found of no value, the right to reject them and demand of defendant a compliance with the terms of the contract. If plaintiff elected to reject notes, the contract gave defendant one of three ways in which to complete his obligations: (1) By paying the rejected notes in money; (2) by procuring and delivering to plaintiff security for their payment; or (3) by substituting in their place notes against other responsible parties. And he did not become a guarantor unless he was unable to perform these conditions. The contract expressly provides on this subject as follows:

"If, for any cause, the second party is unable to comply with these conditions of this contract, he hereby guarantees the payment of said notes."

If no notice of rejection was given by plaintiff prior to the commencement of the action, and no demand made upon defendant to perform his contract, he was deprived of an election of these remedies, and necessarily compelled to take up the notes by payment in money, and thereby prevented from exercising what might have been to him a valuable right,—the right to obtain security for the payment of the notes, or to substitute others in their place. It is clear that plaintiff could not thus deprive him of this option given by the contract. It was plaintiff's clear duty to act promptly upon discovering the worthless character of the notes, and demand of defendant that he comply with the contract; and its failure to do so operated, in contemplation of law, as an absolute acceptance of the notes on its part, and relieved defendant of further liability under the contract. Oliver v. Johnson, 24 La. An. 460; Pickett v. Pearsons, 17 Vt. 470. A demand and rejection of the notes was an essential element in plaintiff's right to hold defendant under the contract. Without it, no cause of action ever arose. On a rejection of the notes by plaintiff, and upon his compliance with the terms of the contract by defendant, they became his property, and plaintiff could not longer retain them. There is no claim that they ever returned them, and the jury found that they were never, in fact, rejected by a demand on defendant to take them up. Our conclusions are that plaintiff's failure promptly to demand of defendant a compliance with the terms of the contract operated, as a matter of law, as an acceptance of the notes, and is an effective bar to a recovery against him. Plano Mnfg. Co. v. Buxton, 36 Minn. 203, 30 N. W. 668. And it was not error for the trial court to submit the question of a demand to the jury.

But it is contended by appellant that the evidence clearly and indisputably showed that a demand was in fact made upon defendant to take up the notes as provided by the contract. We have examined the evidence on this subject with care, and are unable to concur with appellant. The demand being an essential element

of plaintiff's cause of action,—not merely a step in the remedy or a prerequisite to the right to commence the action,—the mere commencement of a former action would not answer the purpose of a demand such as was contemplated by the contract; nor would a denial by defendant of his liability render a demand unnecessary, unless, perhaps, the denial amounted to a refusal to perform the contract on his part, which does not conclusively appear. It was plaintiff's duty to act promptly upon discovering the character of the notes, and the evidence is not clearly and palpably in favor of the contention that it did, and the verdict must be sustained. The former action, if it may be treated as a demand, was not commenced for over a year after plaintiff discovered that the notes were worthless, and was, within the authorities above cited, too late.

The views of the learned trial judge were in accordance with those we have expressed, and his instructions to the jury were in line therewith; and, though he may have erred in submitting to the jury the question as to the solvency of the makers of the notes, there was no error in submitting to them the question of the demand, and this was the controlling question in the case.

We have considered all the assignments of error urged by counsel for appellant, and find no reversible error in the record.

Order affirmed.