[No. 5284.]
[No. 2916 C. A.]

## HILBURN v. THE MERCANTILE NATIONAL BANK OF PUEBLO.

1. **Banks and Banking—Drafts—Deposits—Interest.**

   Plaintiff in 1883 received a draft payable to her order, and, after indorsing it in blank, turned it over to her husband to be taken care of, who deposited it in a bank to which the defendant bank succeeded. The former bank, by indorsement, directed the drawee to pay it to another bank for the indorsing bank's account. It was not claimed that plaintiff's husband made any special contract with the bank where deposited concerning its collection. Held, that, in the absence of any special contract as to title, the bank receiving the check from plaintiff's husband became a simple contract debtor for the amount when collected, less the commission, if any was charged, to be paid upon demand; and, therefore, it drew no interest in the absence of any demand. —P. 192.

2. **Practice in Civil Actions—Directed Verdict.**

   Where the evidence is insufficient to support a verdict for plaintiff, the trial court is justified in directing a verdict for defendant and entering judgment thereon.—P. 193.

*Error to the District Court of Pueblo County.*
*Hon. N. Walter Dixon, Judge.*

Action by Adaline A. Hilburn against The Mercantile National Bank of Pueblo. From a judgment for defendant, plaintiff brings error.   *Affirmed.*

Messrs. COULTER & McDOUGALL, for plaintiff in error.

Messrs. McCORKLE & TELLER, for defendant in error.

Mr. JUSTICE CASWELL delivered the opinion of the court:

The plaintiff in error and the defendant in error were plaintiff and defendant, respectively, in the court below, and, for convenience, are alluded to as such.

The complaint alleges, in substance, that the Stockgrowers National Bank of Pueblo, on May 19, 1883, received for the use of the plaintiff, and detained without the knowledge of the plaintiff, the owner thereof, the sum of one thousand eleven dollars and seventy cents ($1,011.70), and, on June 1st, 1898, that said sum of money, and all other assets of the Stockgrowers National Bank, went into the possession and control of the defendant, and that the defendant received said sum, well knowing that same belonged to the plaintiff, and that it had been detained by the Stockgrowers bank without plaintiff's knowledge, and thereafter and until January 11, 1902, defendant detained the same without plaintiff's knowledge.

About January 11, 1902, the said sum was withdrawn and interest on same was demanded from May, 1883. Upon refusal of the bank to pay interest, this suit was brought to recover the sum of one thousand six hundred thirty-two dollars and thirteen cents ($1,632.13) therefor.

The answer of defendant contains general and special denials, and sets forth, in substance, that the sum of one thousand eleven dollars and seventy cents ($1,011.70) was a deposit, in both banks named, to

the credit of plaintiff and subject to her order at all times, and that same had never been demanded; that the defendant bank had no knowledge until about January, 1902, that the deposit was for the benefit of the plaintiff herein, and, when it became informed of this fact, it notified the plaintiff and paid to her said sum of money that was deposited in the Stockgrowers bank in 1883.

The case was tried to a jury. At the close of the plaintiff's case, the court instructed the jury to render a verdict in favor of the defendant. In accordance with such instruction, the jury rendered a verdict for the defendant, and judgment was entered thereon. To such judgment, plaintiff prosecutes this writ of error. The question presented by the pleadings is whether the bank, as an agent of the plaintiff, received this money for the use of the plaintiff, she being the owner thereof, and detained it without her knowledge; or whether it was received as an ordinary deposit of the bank. It is conceded that the draft in controversy was paid to the bank in 1883. The proceeds were deposited to the credit of the plaintiff. If this draft was received by the bank simply as an agent of the plaintiff, and collected, and the money thereon received, simply as agent of the plaintiff, of course plaintiff retained title both to the draft and to the money at all times, and it was obligatory on the plaintiff at the trial to show such ownership by competent testimony. We think the testimony of plaintiff is insufficient to show this. The plaintiff testified below, amongst other things, that her husband attended to the draft at the time it was received from an insurance company; that she did not recollect where it was taken for deposit; that her husband was dealing at the Stockgrowers National Bank, and that was undoubtedly where she expected it to go; that she assumed her husband was looking after it; that she

had no knowledge of these matters, and did not know the money was in the bank until advised by its officers. It is not claimed that the husband, at the time of taking the draft to the bank, made any special contract with respect to it, or concerning its collection. Her husband was a depositor of the bank. We think the draft itself is the best evidence. It was indorsed in blank "Mrs. A. A. Hilburn," by the plaintiff. The next indorsement is: "Pay to First National Bank or order, for account of Stockgrowers National Bank, of Pueblo, Colorado, A. V. Bradford, cashier." This was an unrestricted indorsement by Mrs. Hilburn, and, in the absence of any special contract as to title, when collected by the Stockgrowers National Bank, the proceeds became its property, and the bank became a simple contract debtor for the amount, less commission, if any was charged. The bank owed to the plaintiff the amount on demand.— Morse on Banks and Banking, § 248; *Tinkham v. Heyworth,* 31 Ill. 519; *Planters Bank v. Union Bank,* 16 Wallace 483; *Duncan v. Magette,* 25 Tex. 245. The bank was obligated to pay on demand, not the identical money received, but an equal sum in legal value. We do not discuss at length any questions in connection with collections by insolvent banks, as the question is not involved in this case. The money was paid upon demand. In proper cases, each to be determined upon the underlying testimony, a bank which receives for collection a draft or promissory note, and collects the money, holds the same as trustee for the owner; and, in the event of insolvency, the trust character adheres to the fund, even though the money cannot be traced into any specific property; and it remains the property of the owner irrespective of other creditors. The rule has no application to the case at bar. No sufficient evidence, either oral or documentary, was adduced to support

the allegation that the draft was left for collection by the bank as an agent, and that the title to the draft and to the proceeds should remain in plaintiff.

Where the evidence is not sufficient to support a verdict for the plaintiff, the jury may be instructed to find for defendant. There being no sufficient evidence in this case to support a verdict for plaintiff, the trial court was justified in directing a verdict for defendant and entering judgment thereon.

The judgment is affirmed.        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.