Young, Plaintiff in Error, v. Bircher, Defendant in Error.

1. A party to a judgment, who procures the issuance and levy of an execution thereunder, derives no protection from such judgment in the matter of such levy, where the judgment is afterwards vacated for irregularity.

2. Where courts have a discretion in the setting aside of judgments, they may impose such conditions and restrictions as the circumstances will warrant.

*Error to St. Louis Land Court.*

The plaintiff seeks in this action to recover damages for an alleged wrongful and malicious expulsion of plaintiff by defendant from certain premises. The plaintiff sets forth

that on the 4th of February, 1852, he leased certain premises from the defendant for a term of four years ; that on the 24th of February, 1855, the defendant unlawfully and maliciously ejected and expelled plaintiff from said premises.   It appears from the evidence adduced that the defendant Bircher instituted proceedings before a justice of the peace against the plaintiff, under the landlord and tenant act of 1845 ; that judgment was rendered against said Young for the possession of the premises ; that an appeal was allowed to the St. Louis land court on the 12th of October, 1854 ; that on such appeal the justice made return to the land court on the 16th of December, 1854, during the October term of the said court. On the 4th of January, 1855, Bircher moved the court to dismiss the appeal and affirm the judgment.   This motion was sustained.   Execution was issued on this judgment and executed.   The expulsion of plaintiff from the premises under this execution constitutes the trespass.   On the 30th of June, 1855, at the March term, Young moved the court to set aside the dismissal of the appeal and the judgment of affirmance, and to reinstate the cause.   The ground of this motion was that said appeal was not returnable until the March term, 1855, and that the motion made by Bircher was premature and illegal ; that the court was not possessed of said appeal so as to take jurisdiction of the same until the March term, 1855, and its action thereon was therefore illegal.   This motion was sustained, and the appeal reinstated.   Afterwards in November, said appeal came on to be heard, and judgment was rendered against the plaintiff Bircher.

The court, at the instance of the defendant Bircher, gave the following instruction : " If the jury believe that the sheriff of St. Louis county had in his hands, in force, the writ of restitution issued on the judgment in evidence before them, and that by direction of defendant said sheriff ordered plaintiff to remove from the premises in question or he, said sheriff, would execute said writ by removing him, and that plaintiff did then remove from said premises, and that this is the matter as complained of in the petition herein, then the said

execution is a sufficient justification to defendant, and plaintiff can not recover."

The plaintiff took a nonsuit, with leave, &c.

*H. N. Hart*, for plaintiff in error.

I. The appeal was not returnable until the March term, 1855. The land court could acquire no jurisdiction over the appeal at the October term, 1854, except by consent. (R. C. 1845, p. 348, § 12, 20; 12 Mo. 292; 1 Denio, 431, 680; 2 Comst. 464; 5 Wend. 136; 7 Paige, 247; 9 id. 574; 6 How. 113; 4 Wend. 204; 4 Comst. 514.) The dismissal of the appeal at the October term was such an irregularity as rendered the judgment and writ of execution nullities. Such a judgment, when once set aside, is as if it had never been. (1 Levinz, 95; 1 Strange, 509.) The judgment having been afterwards vacated and set aside, the writ afforded no protection to the party by whom it was sued out. (1 Levinz, 95; 2 Strange, 73, 707, 1002; Ld. Raym. 73; 1 Strange, 509; 3 Wils. 341, 368; 4 Barn. & Cress. 38; Ryan & Mo. 278; 2 Cr. M. & R. 30; 1 Gale, 104; 5 Tyrw. 721; 5 B. & Ald. 746; 3 East. 128; 15 East. 613; 9 Dowl. & Ry. 44; 2 Tidd's Pr. 1032.)

*F. C. Sharp*, for defendant in error.

I. The court properly declared the law in the instruction given. The judgment against Young was a valid subsisting judgment. The court had jurisdiction of the subject matter. The execution issued was regular. It protected Bircher in its legal enforcement. Although the judgment may have been voidable, yet the defendant is not liable for the levy. (Bank of Mo. v. Franciscus, 15 Mo. 304; 2 Comst. 700; 11 Mo. 295.) The judgment was not void, however irregularly or improvidently rendered, but only voidable, and protected Bircher. (16 Mo. 332; 11 Mo. 295; 12 Mo. 295; 16 Mo. 173.) The judgment being in force at the issuing of the execution, the fact that it was afterwards avoided does not by relation affect the proceedings or render the plaintiff therein or the sheriff liable for its execution while in force.

(15 Mo. 303.)  Bircher having a judgment of a competent court, with a regular writ thereon, can not be made liable for its enforcement by any subsequent action of the court.

SCOTT, Judge, delivered the opinion of the court.

There is no doubt but that the judgment in this case was irregular, and it was properly set aside or vacated.  We do not deem it necessary to determine the question raised on the argument of the cause, whether the judgment was such as would justify the party in suing out an execution upon it. As the judgment was irregular, and as it was vacated, though after a writ upon it had been executed, the question for our consideration is, whether it was a justification to the party who sued it out, although it was executed before the judgment was vacated.

The case mostly relied upon by the defendant Bircher is that of The Bank of Missouri v. Franciscus, 15 Mo. 303.  We do not conceive that this case sustains the defendant.  The judgment there was a regular one.  It was not even erroneous.  It was against a bankrupt.  After the judgment had been rendered and execution levied, the bankrupt, whose application for a discharge was still pending and who had not yet obtained his certificate, applied to the court for relief on the ground that, while his application for a discharge was pending, he was not liable to execution for debts contracted before he sought the benefit of the bankrupt law.  On this the judgment was set aside and the execution stayed.  He afterwards brought an action for trespass against the Bank of Missouri for having this execution levied.  Now inasmuch as the bankrupt had failed to make a proper defence in the action against him for debt, or had failed to take the proper steps to arrest the proceedings against him before there was a judgment, this court held that the judgment against him was not only regular, but was not even erroneous, and therefore would give the order setting it aside no retroactive effect. The case before us is different.  The judgment was irregular,

and was properly set aside; and if after the judgment is vacated there is no redress for those who are injured by it, most grievous wrongs must be submitted to without the hope of a remedy.

While the case of the Bank of Missouri v. Franciscus furnishes no support to the conduct of Bircher the defendant, it recognizes the principle that when an irregular judgment is vacated, it will no longer give protection to the party who has put it in force. In matters of this sort the party is always liable for the conduct of his attorney. (Barker v. Braham, 3 Wil. 368.) The case of Turner v. Felgate, 1 Levinz, 95, was where a man had a judgment and execution executed, and afterwards the judgment was vacated for being unduly obtained and restitution awarded; and afterwards the defendant in the first action brought trespass against the plaintiff for taking the goods; and it was adjudged that it will lay against the party; for by the vacating of the judgment, it is as though it had never been, and it is not like a judgment reversed for error; and, it is added, " note, this action was against the party and not against the sheriff who had the king's writ to warrant him." This is an old case, and has always been followed both in England and the United States. In such cases the process, being regular on its face, is a protection to the officer who executes it, unless he makes himself liable by uniting himself with the defendant in his defence.

The courts have a discretion in setting [aside] judgments and process, and will so exercise it as to do justice between the parties by imposing such conditions and restrictions as the circumstances warrant. Cases have occurred in which the courts have refused to set aside a judgment unless there was a stipulation that the party asking it would stipulate not to bring an action. Reversed and remanded.