WALTON, *Plaintiff in Error,* v. HARRIS.

**Execution Sale;** NOTICE BY HANDBILLS. The defendant in an execution, being the sole proprietor, editor and publisher of the only newspaper in the county where the execution had been levied, refused to permit the publication in his paper of the notice of sale thereunder, though tendered the usual and legal fees therefor. *Held,* that under these circumstances notice by handbills was legal

notice within the meaning of the statute, (Wag. Stat., p. 609, § 42,) and that a sale upon such notice passed the legal title.

*Error to Washington Circuit Court.*—Hon. Louis F. Dinning, Judge.

Reversed.

*J. F. Bush* for plaintiff in error.

*Frank Harris pro se.*

Norton, J.—This is an action of ejectment to recover the possession of certain lands in Washington county. Plaintiff claims title to the premises through defendant, by virtue of a sale made by the sheriff of said county on an execution in favor of Joseph Walton and C. C. Walton against Frank Harris, the defendant, at which sale plaintiff became the purchaser, and to whom the sheriff executed a deed to the land in controversy. The said deed contained, among others, the following recital: " Whereas the Weekly Independent was the only newspaper which was being printed, published or issued in said county of Washington, from the time when said execution came to my hands on the 29th day of December, 1875, until the time of the sale of said premises on the 11th day of February, 1876, of which newspaper the defendant, Fank Harris, was, during the same time, sole managing and controlling editor, proprietor and publisher; and whereas, more than twenty days before said 11th day of February, 1876, on or about the 12th day of January, 1876, I, the said sheriff, did prepare a notice for the sale of said premises    *    * and present said notice to said defendant, Frank Harris, at the office of said Weekly Independent, for insertion and publication in said newspaper, according to the requirements of the statute in such cases, and at the same time offer and tender to defendant his charges for the insertion and publication of such notice in said newspaper for four weeks and for more than twenty days, and the said defend-

ant, who was in sole charge and control of said newspaper, refused to insert or publish said notice, and by refusal prevented the publication and insertion thereof in said newspaper." The deed further recites that after such refusal the sheriff advertised the said notice of sale by printed handbills put up in six public places in said county for more than twenty days before the sale. All the recitals in the deed as to the refusal of defendant to publish said notice were proved by the evidence of the sheriff, whereupon the said deed was offered in evidence and objected to by defendant on the ground that the notice by handbills was not sufficient to authorize a sale. This objection was sustained by the court, and its action in that respect is the only error assigned. Section 42, Wagner's Statutes, page 609, the law in force at the time of sale, requires a sheriff who is charged with the duty of selling real estate under execution, to publish the notice of such sale in a newspaper, if one is published in the county where the sale is to occur, and only allows resort to be made to publication of such notice by handbills when there is no newspaper published in the county. The evident reason upon which is bottomed the right of the sheriff to advertise a notice of sale by handbills, is, that there is no newspaper published in the county which can be used by him as a medium for the publication of such notice. Although a newspaper may in fact be published in a county, if it appears that the sole proprietor and publisher of such paper is the defendant in the execution under which the sale is to take place, and that he absolutely refuses to publish therein the notice of sale after the usual and legal charge for publishing such notice has been tendered him with a request that he publish it, then as to such notice, there is in contemplation of the statute, construed according to its true intent and meaning, no newspaper published in such county, and resort, under such circumstances, may be legally had to the method provided for giving notice by publication in handbills; and when a sale is made under

such notice, under such circumstances, and the plaintiff in the execution buys the property and brings his ejectment to recover possession of the premises against the defendant in the execution, he ought not to be heard to complain of the irregularity and demand the performance of an impossibility of his own creation. *Allen v. Sales*, 56 Mo. 36.

This case is distinguishable from the case of *Curd v. Lackland*, 49 Mo. 451, where it was held that notice of sale under attachment given merely by handbills in a county where a newspaper is published does not amount to notice. In that case it appeared that there was a newspaper in which the notice could have been published. In the case before us it appears that there was no newspaper in the county in which the notice could be published. Judgment reversed and cause remanded, in which all concur.