HERMAN GUNZ *vs.* DANIEL HEFFNER.

February 14, 1885.

33 215
39 497
33 215
43 461

**Levy of Execution on Void Judgment—Liability of Judgment Creditor.**—Where a creditor causes an execution to issue upon a judgment void for want of jurisdiction, his act is without justification, and he is liable for the damages arising from the acts of the officer in obedience to the writ, though not for irregularities in executing it, or for a wrongful levy upon the property of a stranger.

**Same—Liability of Officer.**—As respects such defects in a judgment, process regular upon its face is a protection to the officer.

**Execution Sale—Levy of Valid and Invalid Process—Liability under Invalid Levy.**—Where, however, the property levied on under such process was already in possession of the officer under a prior levy upon valid process, and a sale in gross of such property was made upon both executions to a stranger, and out of the proceeds both were satisfied, *held*, that the sale was not void, and, not being set aside, the title to the property presumptively passed to the purchaser; and it not appearing that the plaintiff in the second execution was connected with any irregularities in the conduct of the sale, or interfered with the disposition of the property, he was not liable for damages in trover, (since the property, or damages for the seizure and sale, could not in such case be apportioned,) but only for the proceeds of the sale received by him, which the defendant would be entitled to recover in the proper suit.

**Execution Sale under Void Judgment—Cloud on Title Removed.**—The sale to the plaintiff, upon a void execution, of the defendant's interest in real estate, held under a certificate of sale, passes no title, and, the judgment and subsequent proceedings being set aside, the defendant is restored to his rights without the necessity of a suit.

Action for the conversion of personal property of the alleged value of $2,000, brought in the district court for Mower county. The complaint alleges that defendant caused the seizure and sale of the property in question under an execution issued upon a void judgment against the plaintiff, which judgment was afterwards vacated by the court for want of service of the summons. The answer admits the entry of the judgment and its vacation by the court, and alleges as a

defence that prior to the entry of defendant's judgment, a writ of attachment in another action against plaintiff, for $77, had been duly issued and levied upon all the property described, (which was worth $400;) that judgment having been duly rendered in the action commenced by attachment, an execution was issued and the property sold thereunder.

The action was brought on for trial before *Farmer*, J., and a jury, and upon the close of the testimony, the facts above stated and those stated in the opinion being undisputed, the action was dismissed on defendant's motion.   Plaintiff appeals from an order refusing a new trial.

*Lafayette French*, for appellant.

*Richardson, Day & Pierce*, for respondent.

VANDERBURGH, J.   Defendant obtained a judgment against the plaintiff, which was void for want of jurisdiction.   His attorney issued execution thereon, which was satisfied by a sale of the plaintiff's property.   As the appropriation of his property, through a levy and sale by the sheriff, would be the natural result of the issuance of an execution regular on its face, the plaintiff in the execution would be responsible for the damages arising from the acts of the officer in obedience to the commands of the writ, though not for irregularities in executing it, or for a wrongful levy upon the property of a third person.   *Foster* v. *Wiley*, 27 Mich. 244; *Newberry* v. *Lee*, 3 Hill, 523. For any property, therefore, which can be shown to have been seized and appropriated to the satisfaction of the execution, the defendant is liable to the extent of the damages proved.   The record, however, shows that the plaintiff's property in question in this action had been previously levied on, and was held in the possession of the sheriff, under a prior valid execution, and that, following the defendant's execution, an attachment was also levied thereon to secure a claim for which judgment was subsequently rendered for an amount exceeding the value of the goods.   The property was therefore lawfully in the possession of the sheriff at the time of the sale.   The sale, it appears, was made in gross, under both executions, and for an amount sufficient to satisfy both; and out of the proceeds, after satisfying the first, defendant's execution was also satisfied, except in the sum of $20,

which was the amount of his bid for a certain "certificate of sale" of land referred to in the complaint, which was separately sold under his execution. The purchase under the general sale was made by the plaintiff in the attachment suit, and thereafter the plaintiff in this action, with knowledge of the sale, forwarded the goods so sold (and awaiting shipment) to such purchaser, who thereafter, with plaintiff's assistance, sold the same.

The lien of the first execution covered all the goods, though, if of the value alleged, there would seem to have been an excessive levy, and the sale in gross was irregular; but it was made under executions, the first of which was valid in fact, and its lien was not satisfied upon any part until the sale of the whole of the property levied on. So that we think, under the circumstances, the sale was not void, but the purchaser acquired title to the goods, which was confirmed by the acts of the plaintiff herein. He cannot, therefore, recover in this action as for the conversion of the goods, nor for goods wrongfully taken and sold under the second execution. And no part of the stock can be apportioned as having been sold and applied to the satisfaction thereof; but the surplus realized, over and above the first execution, rightfully belonged, not to the defendant, but to this plaintiff, though the payment to the defendant appears to have been made and received in good faith, it being subsequently shown that the judgment of defendant was void, by facts *dehors* the record. As long as the sale is not attacked for irregularity of the officer, its validity is not affected by the fact that the property brought less than its value. And as respects the defect in the judgment, the process, regular on its face, protected the officer, and the defendant is not connected with the alleged irregularities in the levy and sale.

We do not see, therefore, that the plaintiff can legally complain, except for a diversion or misappropriation of the proceeds of the sale. If he had received the full value of the goods after the payment of the first execution, he would have had no cause of action against the defendant. If they in fact brought less, it does not appear to be attributable to defendant, but the plaintiff is entitled to recover the proceeds received by the defendant in the proper action. This action is not, however, brought for such relief, but for a conversion of the

goods.    We are therefore of the opinion that it was rightly dismissed.

As respects the certificate of sale above referred to, there is evidence tending to show that it was separately sold to him under defendant's execution for $20, but he acquired no title to the premises by the sale, and the vacation of the judgment and subsequent proceedings became sufficient evidence of that fact.    Plaintiff was not, therefore, entitled to claim damages against defendant for such cause.

Order affirmed.