## HENRY v. CHRISINGER.

Lease: AGREEMENT TO PAY TAXES: RELEASE. On the twelfth day of October, 1882, defendant was in possession of real estate owned by plaintiff's assignor, under a lease which bound him to pay the taxes assessed against the property during the term; but on said day the parties entered into an agreement containing these words: "The parties hereto hereby release and relieve one another from all the terms and obligations of said * * * lease and the same are to stand for naught from this time." *Held* that this released defendant from the obligation to pay the taxes of 1882; for, though they were assessed during the term, they were not due until after the release was executed.

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, Judge.

FILED, OCTOBER 30, 1888.

PLAINTIFF, as assignee, brought this action to recover the amount of certain taxes which were paid by his assignor on a lot in the city of Des Moines, and which he alleges defendant was bound to pay by the terms of a lease under which he held possession of the lot. Defendant pleaded a contract of release. Plaintiff demurred to the answer, but the demurrer was overruled, and, judgment having been entered against him, he appeals.

*Berryhill & Henry*, for appellant.

*Smith & Morris*, for appellee.

REED, J.—John Hartley was the original lessee of the lot, and the term was for five years; but before the expiration of the term the parties contracted for an extension of five years. Under that contract the term would have expired on the first of April, 1885, and by it Hartley consented to pay the taxes assessed against the lot for the years 1879, 1880, 1881, 1882, 1883, 1884. After the contract of extension was entered into, the lease was assigned by Hartley to defendant, and thereafter he and plaintiff's assignor, who had become the owner of the lot, entered into an agreement for a further extension to April 1, 1890, by which the defendant covenanted to pay all taxes assessed against the lot during the term thus created. In October, 1882, defendant sold the building situated on the lot, and the business he had carried on there, to one J. R. Chandler, and on the sixth of that month plaintiff's assignor executed to Chandler a lease of the premises for a term of eight years; and on the twelfth of the same month he and defendant signed a contract for the termination of the former lease and the several contracts of extension

attached to it. The instrument recites the sale of the building and the leasing of the premises to Chandler as the consideration for the agreement, which is expressed in the following language, viz.: "The parties hereto hereby release and relieve one another from all the terms and obligations of said renewals and original lease, and the same are to stand for naught from this time." The taxes in question are those assessed against the lot for the year 1882, and this agreement is pleaded as constituting a release of defendant from all liability therefor. We need not inquire whether the contract would have had the effect to release defendant from any obligations which might have arisen under the lease, and been payable when it was entered into. It is, however, very clearly a release of each of the parties from all such obligations and liabilities as would have arisen under the lease in the future. The language made use of is incapable of any other construction ; and the undertaking to pay the taxes for that year was, we think, of that character. When the contract was signed they were not due, nor would they be payable until the following January. When the undertaking was entered into that fact was within the contemplation of the parties, and defendant's agreement was that he would pay them when they became due, or within a reasonable time thereafter. The fact that the taxes had already been assessed against the lot is not at all material, for the undertaking to pay them had relation to the time of their maturity, and not to the time of the levy. Neither is it material whether the words in the contract "the same shall stand for naught from this time," relate to the obligations which would have arisen under the lease, or to the lease itself, for the same result would follow if either construction should be adopted. The lease and all obligations yet to accrue under it are terminated.

AFFIRMED.