## S. W. FARMER *vs.* OLIVER CROSBY and another.

### June 11, 1890.

**Levy under Void Judgment — Liability of Attorney and of Party.—** An attorney is liable to third persons for damages for causing process to be issued at the instance of his client, only when he' acts dishonestly, with some sinister view or improper purpose of his own which in law amounts to malice. But the party to the action who causes process to be issued upon a void judgment is, even in the absence of malice, liable for the act of the officer in levying on property in obedience to the writ.

**Same—Failure to Prove Malice—Recovery for Trespass.—**The rule that a party is entitled to any relief "consistent with the case made by the complaint, and embraced within the issue," *held* to apply to a case where the allegations were that the defendant maliciously and fraudulently procured an officer to make a false return of service of a summons, and upon such false return entered judgment by default against the defendant therein, caused execution to be issued, and his personal property to be levied on, while the proof, failing to establish malice or fraud, showed that the officer's return was in fact false, and that the plaintiff in the action caused judgment to be entered and execution to be issued; that the judgment was subsequently set aside; and that, after the judgment was thus vacated, the officer, in obedience to the execution, levied on the property of the defendant in the writ.

**Practice—Case for Nominal Damages—Dismissal.—**When a party has established a cause of action for nominal damages, it is error to dismiss the case, where the recovery of nominal damages would carry costs.

Appeal by plaintiff from an order of the district court for Ramsey county refusing a new trial after a trial before *Kerr*, J., and a dismissal ordered.

*A. C. Hickman*, for appellant.

*S. P. Crosby*, for respondents.

MITCHELL, J.. This action grew out of that of *Crosby* v. *Farmer*, 39 Minn. 305, (40 N. W. Rep. 71,) in which the plaintiff here was the defendant, and Oliver Crosby the plaintiff, and S. P. Crosby his attorney, and the judgment in which was set aside as void because there was no service of the summons upon the defendant. The allegations of the complaint are that in this former action the present defendants fraudulently and maliciously procured an officer to make a false return of personal service of the summons, and that, knowing such return to be false, they caused judgment on default to be entered against the present plaintiff, execution to be issued, and his personal property to be levied on and taken thereon. When the plaintiff rested, the court dismissed the action as to both defendants. An examination of the evidence satisfies us that the plaintiff entirely failed to prove any malice, fraud, or bad faith against either of the defendants. Indeed, his counsel here admits this to be the fact as to all proceedings up to and including the entry of judgment. The only charge of malice or bad faith which he now makes against the defendants is the issuing of execution after notice of the fact that the return of service of the summons was false, and causing plaintiff's property to be levied on after the judgment had been set aside. It appears that the execution was taken out and transmitted to the sheriff of Steele county, with instructions to collect, two days after the defendant (plaintiff here) had served notice of motion to have the judgment set aside. But the plaintiff and his attorney (defendants here) were not bound to accept as true the *ex parte* affidavits on which this motion was made. The sufficiency of the service of the summons depended upon the question whether the legal residence of Farmer was in Owatonna, where his family was living, or in St. Paul, where he boarded and spent most of his time, and where he was carrying on business. The judgment still remained apparently in full force and regular on its face, with the return of an officer

showing good service of summons. In the absence of malice or bad faith, S. P. Crosby would not be liable for causing an execution to be issued on the judgment at the instance of his client. An attorney is only liable where he institutes proceedings without authority from his client, or where he and his client fraudulently conspire to do an illegal act, or where he acts dishonestly, with some sinister view, or for some improper purpose of his own which the law considers malicious. *Bicknell* v. *Dorion,* 16 Pick. 478; Anon., 1 Mod. 209; *Davies* v. *Jenkins,* 11 Mees. & W. 745; Whart. Ag. § 611. It is true that the sheriff of Steele county made the levy a short time after the judgment was in fact vacated; but there was no evidence that this was at any directions of either of the defendants given afterwards. On the contrary, it is quite apparent that the only instructions to the sheriff were transmitted to him, with the execution itself, some time before the judgment was set aside. It does not appear when defendants received notice of the vacation of the judgment; but, assuming it was on the day the order was made, all that could be charged against them in that regard is that they were negligent in not more promptly recalling the execution. The action was therefore properly dismissed as to S. P. Crosby.

His codefendant, Oliver Crosby, however, who was plaintiff in the other action, occupies a different relation to the matter. Where a creditor causes an execution to issue upon a void judgment, he is liable for the damages arising from the acts of the officer in obedience to the writ. *Gunz* v. *Heffner,* 33 Minn. 215, (32 N. W. Rep. 386.) In this instance, although the judgment was not vacated until March 20th, yet it was jurisdictionally void *ab initio;* and, moreover, the levy was not in fact made until April 3d. While the fact that the writ was regular on its face would protect the officer, and while the attorney who issued it at the direction of his client, in good faith, would not be liable, and while, if a judgment is merely erroneous, and hence valid until reversed, it might protect even the judgment creditor for acts done under it before reversal, (see *Peck* v. *McLean,* 36 Minn. 228, 30 N. W. Rep. 759,) and even conceding that the judgment in this case would have protected Oliver Crosby for any thing done under it until it was formally vacated, yet, having set the

process of the court in motion, and having placed it in the hands of an officer with directions to execute it, he is liable for the act of the officer, in obedience to it, in making the levy after the judgment upon which it was issued was vacated. He was bound at his peril to see that the execution was recalled, or proceedings under it stayed. Therefore, while the plaintiff failed to establish his allegations of fraud or malice, yet he made out a cause of action for trespass against the defendant Oliver Crosby. While the grounds of this cause of action are somewhat different from those contemplated by the pleader in drawing the complaint, yet it is "consistent with the case made by the complaint, and embraced within the issue;" the actionable wrong being still the tortious taking of plaintiff's property. To allow a party to recover upon a theory of the case different from that on which his complaint was drawn (suggested often for the first time in this court) may be misleading to trial courts and opposing counsel, and be practically offering a premium for careless pleading; yet the doctrine of the Code, liberally construed by our own decisions, is that a party may have any relief to which, upon the allegations and proof, he is entitled. Gen. St. 1878, c. 66, § 267; *Thompson* v. *Bickford*, 19 Minn. 1, (17;) *Washburn* v. *Mendenhall*, 21 Minn. 332; *Minneapolis Harvester Works* v. *Smith*, 30 Minn. 399, 405, (16 N. W. Rep. 462;) *Hatch* v. *Coddington*, 32 Minn. 92, (19 N. W. Rep. 393;) *Mykleby* v. *Chicago, St. Paul, M. & O. Ry. Co.*, 39 Minn. 54, (38 N. W. Rep. 763;) *Alworth* v. *Seymour*, 42 Minn. 526, (44 N. W. Rep. 1030.)

Upon the evidence, the plaintiff only made a case for nominal damages; but, as this would have carried costs, it was error to dismiss. *Potter* v. *Mellen*, 36 Minn. 122, (30 N. W. Rep. 438.) In *Harris* v. *Kerr*, 37 Minn. 537, (35 N. W. Rep. 379,) if defendant had been allowed nominal damages by way of offset or counterclaim, it would not have affected the question of costs.

Order affirmed as to S. P. Crosby, and reversed as to Oliver Crosby.

NOTE. A motion for a reargument of this case was denied June 19, 1890.