CAMPBELL and others, Appellants, vs. JACKSON, Respondent.

*May 7 — June 3, 1891.*

*Attachment: Traverse of affidavit: Fraudulent conveyance: Evidence.*

1. The traverse of an affidavit for an attachment is *held* to have been properly sustained, the evidence showing that the property alleged to have been fraudulently conveyed had in fact been mortgaged in good faith to secure a *bona fide* indebtedness.
2. A debtor cannot defraud his creditors by wrongfully disposing of property not his own.

APPEAL from the Circuit Court for *Waupaca* County.

It appears from the record that October 30, 1889, the plaintiffs, constituting the firm of Campbell Bros. & Cameron, commenced this action against the defendant to recover $750, and interest thereon, on an express contract; that at the time of the commencement of the action one of the plaintiffs made an affidavit for an attachment therein, and which, as amended, stated as the ground thereof, in effect, that the defendant had assigned, conveyed, disposed of, or concealed, or was about to assign, convey, dispose of, or conceal, his property, or part thereof, with intent to defraud his creditors; that thereupon a writ of attachment was issued therein, and personal property of the defendant attached, to the value, as appraised, of $317.42; that November 16, 1889, the said defendant therein, by special answer duly verified, served, and filed, duly traversed said affidavit of attachment, and therein, in effect, denied the existence, at the time of making said affidavit, of any and all the material facts therein stated; that the issue so raised on such traverse was tried by the court, and upon the trial thereof the court found in favor of the defendant, and sustained such traverse, and set aside and vacated such writ of attachment. From the order vacating and setting aside the same the plaintiffs appeal.

For the appellants there was a brief by *Phillips & Kleist*, and oral argument by *M. C. Phillips*.

For the respondent there was a brief by *Cate, Jones & Sanborn*, and oral argument by *D. Lloyd Jones*.

CASSODAY, J. The ground alleged for the attachment was, in effect, that the chattel mortgage given by the defendant to Dick & Berkley, April 15, 1886, the additions thereto, and the renewal thereof in April, 1888, were in fact made by *Jackson* with the intent to defraud his creditors.

The testimony taken in the case of *Campbell v. Dick*, *ante*, p. 42, so far as applicable, was stipulated into this case on the trial of the issue raised by the traverse of the affidavit for the attachment. Both trials were had before the same presiding judge; and his findings as to the *bona fides* of the mortgage so given to Dick & Berkley, the additions thereto, and the renewal thereof, virtually dispose of the same questions in favor of the defendant in this case. In fact, the little additional testimony taken in this case confirmed the findings that such disposition of his property by *Jackson* was in good faith to secure a *bona fide* indebtedness, and without any intent to hinder, delay, or defraud his creditors. Had the plaintiffs in this case proved what they offered to prove in the other case, to the effect that the property covered by Dick & Berkley's mortgage never in fact belonged to *Jackson*, but was the property of the plaintiffs, they would have conclusively established the absence of any intent on the part of *Jackson* to defraud his creditors in making such disposition of the property. This must be so, since he could only have thus defrauded his own creditors by thus disposing of his *own property* with such fraudulent intent. In other words, he could not have defrauded his own creditors by wrongfully disposing of some other person's property.

*By the Court.*— The order of the circuit court is affirmed.