MARKS, Respondent, vs. WRIGHT and another, imp., Appellants.

*February 25 — March 22, 1892.*

*Conversion: Seizure under execution issued on invalid judgment: Justification: Evidence of consent to seizure.*

1. If not issued upon a valid judgment, an execution, though fair on its face, is not a justification of the parties who caused it to be issued and were actively concerned in the seizure and sale of property under it.

2. In an action for the conversion of property seized under an execution not issued upon a valid judgment, the fact that the property was turned out to the officer by the plaintiff, at whose request it was taken in preference to any other property, is immaterial. It does not tend to show that the plaintiff consented to the seizure.

APPEAL from the Circuit Court for *Waupaca* County.

The action is to recover damages for the wrongful taking and conversion by defendants of ten swarms of bees, the property of plaintiff.    The bees were seized by the defendant Hermann, a constable, by virtue of an execution purporting to have been issued on a judgment recovered by the defendants *Wright* and *Millerd* against plaintiff, and sold under such execution.    Hermann justified the seizure and sale of the property under the execution.    The other defendants answered a general denial.    At the close of the trial the court directed a verdict against *Wright* and *Millerd* for the value of the property.    The jury also found for defendant Hermann.    A motion for a new trial was denied, and judgment for plaintiff rendered pursuant to the verdict

Marks vs. Wright and another.

thus directed. The defendants *Wright* and *Millerd* appeal from the judgment.

For the appellants the cause was submitted on the brief of *F. C. Weed.*

For the respondent there was a brief by *Thorn & Guernsey,* and oral argument by *Gerrit T. Thorn.*

LYON, C. J. The bill of exceptions is not certified to contain all the testimony. Indeed, it contains intrinsic evidence that it does not, for on the trial the plaintiff was a witness in his own behalf, but only his cross-examination is found in the bill. It must be presumed, therefore, that there was sufficient evidence to support the verdict and judgment. We can only determine questions of law which arose on the trial.

At the close of the trial the court stated that no proof was made of a valid judgment. This statement is found in the bill of exceptions. It must be taken to be true. The court held that the execution, which was regular on its face, was a justification to the constable without showing a valid judgment, if he acted in good faith without knowledge that the judgment was invalid or of facts sufficient to put an ordinarily prudent person upon inquiry as to its validity. The court further held that in order to establish a justification on the part of the appellants (who, it must be presumed, were actively concerned in seizing and selling the property), they must show a valid judgment. Having failed to do so, the court directed a verdict against them. Whether this ruling is correct is the principal question raised by this appeal. That it is correct is too well settled, here and elsewhere, to admit of further controversy. *Mudrock v. Killips,* 65 Wis. 622, and cases cited in the opinion by Mr. Justice TAYLOR. The question requires no further discussion or citation of authorities.

The defendants offered testimony on the trial for the pur-

pose of showing (as stated by their counsel) that the bees seized under the execution were turned out to the constable by the plaintiff, at whose request they "were taken in preference to any other swarms." An objection to this testimony was sustained. The testimony thus offered would only show that the constable was about to levy on plaintiff's bees, and that the latter had a choice, which the constable permitted him to exercise, as to which particular swarms should be taken. The fact, if proved, would be entirely immaterial, for it does not tend to show that plaintiff consented to the seizure of his property.

No other question of law worthy of consideration is presented in the record.

*By the Court.*— The judgment of the circuit court is affirmed.