DENSMORE COMMISSION COMPANY, Appellant, vs. SHONG, Respondent.

*January 12 — February 8, 1898.*

*Partnership: Transfer of assets to corporation: Rights of creditors: Fraud: Execution levy: Replevin.*

Where several persons who had been doing business as copartners, having a going mercantile business, formed a corporation, determined their respective interests in the partnership property, subscribed for stock in the corporation to the extent of such interests, conveyed the partnership property and business to the corporation, and respectively received therefor the stock subscribed, without making any special provision for the payment of the partnership debts, and thereafter continued the business in the same place,

Densmore Commission Co. vs. Shong.

with the same property, but in the name of and for the corporation, and there is no evidence or circumstance to impeach the transaction for fraud, unless under sec. 2310, R. S. 1878, because of want of delivery, change and continued change of possession, of the things sold, the presumption of fraud arises, and thereafter some of the property was seized on executions issued on judgments against the partnership, the corporation replevied the same and the person making the seizure, in justification thereof, gave in evidence the executions but made no proof of his official character or of the existence of the judgments, other than by the production of such executions; *Held:*

(1) That proof of the existence of a valid judgment and of the official character of the person who made the seizure was essential to make out his defense, and that neither of such facts was established by the mere production of the execution.

(2) That a transfer of the property by the partners to the corporation, without in any way retaining any equity to have the partnership debts satisfied out of such property, left no remedy in that regard to the creditors, under the rule that the creditors of a partnership have no lien on, or equity in, partnership assets, independent of the equity of the partners.

(3) That the mere fact that the debts of the partnership were not provided for in the transaction, there being no proof that the members of the partnership were insolvent, was not sufficient to in any way impeach the *bona fides* of the transaction.

(4) That the statutory presumption of fraud was effectually rebutted by proof that a full consideration was paid for the property.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

Action of replevin to recover property taken by defendant from the plaintiff, pretending to act under an execution against Orson W., Joseph M., and John D. Densmore. The evidence showed that for some time the Densmores were copartners in a mercantile business under the firm name of Densmore Bros.; that while so doing business they formed the plaintiff corporation, determined the amount of their respective interests in the partnership business, subscribed for stock in such corporation in proportion to such interests,

then transferred such partnership property to such corporation in payment of such stock, and the stock was issued accordingly. The evidence further showed that the defendant, pretending to act under executions issued on judgments rendered against the Densmores, levied upon and took from the corporation some of the property transferred to it as aforesaid; that when the corporation was formed, the business formerly carried on by the Densmores was continued by the corporation at the same place and with the same property. The executions were offered and received in evidence against objection. At the close of the evidence the court directed a verdict in favor of defendant. There was a motion to set aside the verdict and for a new trial, which was denied, and the ruling duly excepted to. Judgment was rendered for defendant on the verdict, and plaintiff appealed.

The cause was submitted for the appellant on briefs by *H. V. Gard*, and for the respondent on the brief of *Arnold & Arnold*.

Counsel for the respondent contended, *inter alia*, that the organization of the corporation, as against third persons, was a mere change of name without affecting the ownership of the property. *Hatcher v. United Leasing Co.* 75 Fed. Rep. 368; *Bank v. Chattanooga Pulley Co.* 97 Tenn. 308; *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U. S. 337.

MARSHALL, J. It is first assigned as error that there was no proof offered to show that defendant was an officer or that he acted for a creditor in levying upon the property under the executions. Such facts were essential to his defense, and there seems to have been an absolute failure of proof in regard thereto. *Marks v. Wright*, 81 Wis. 572.

It is further contended by appellant that no indebtedness was shown. The mere production of an execution, fair on its face, purporting to have been issued on a judgment against persons therein named as judgment debtors, does

not prove the existence of such judgment or the amount
due thereon, so as to establish the right of an officer who
may have seized property thereunder to hold such property
for the satisfaction of such execution, when the right so to
do is challenged as in this case. Such right can be sustained,
when so challenged, only by showing the existence of a
valid judgment and the amount due thereon. *Marks v.
Wright, supra.* Here no judgment was shown. The defect
in the proof was fatal to defendant's case. The trial court
probably acted, in directing the verdict in defendant's favor,
on the theory that the execution *prima facie* established
the existence of the judgment. That was error, for which
the judgment appealed from must be reversed.

It is further assigned as error that there was no evidence
to impeach the title of the plaintiff corporation for fraud,
hence no warrant for holding that the property was liable
to seizure for the debts of the Densmores after they had
sold the same to the plaintiff. There is no evidence that
the Densmores were insolvent at the time of the transfer,
nor any fact established to impeach the *bona fides* of the
transaction whereby the corporation became the owner of
the property, except that no provision was specially made
for the payment of the debts of the partnership, and that
the members of the firm, acting for the corporation, re-
mained, as agents of such corporation, in possession of the
property, and conducted the business at the same place as
before, but in the name of the corporation instead of that
of the firm. A creditor of a partnership, as such, has no
lien on the partnership assets, nor any equity therein inde-
pendent of the equity of the partners. So long as the equity
of the latter exists, to have the debts of the partnership sat-
isfied out of the partnership assets, it may be enforced by
the creditors. A transfer of the partnership property free
from fraud cuts off such equity of the partners, and the
equity of the creditors, which depends upon it, falls at the

Densmore Commission Co. vs. Shong.

same time by the same act. This subject was so fully discussed by this court in *Thayer v. Humphrey*, 91 Wis. 276, that it is not deemed necessary to go over the same at this time. It was there said, in effect, that if a member of a firm makes a *bona fide* sale of his interest in the partnership property to his copartner or to 'a stranger, without in any way retaining his equity to have the partnership creditors paid out of such property, the title thereto is thereby vested in the new owner, free from any claim of the vendor or his creditors through him.

From the foregoing it follows that the title to the property in dispute was in plaintiff free from any claim of the creditors of the firm at the time the levy on such property was made, unless such title was impeached for fraud. The mere fact that the debt of the firm was not provided for, there being no proof in the case that the members of the firm were insolvent when the transfer was made, did not raise even a suspicion of fraud. So it comes down to the subject of want of change and continued change of possession as evidence of fraud under the statute. Sec. 2310, R. S. 1878, provides that, "every sale made by a vendor, of goods and chattels in his possession or under his control, . . . unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things sold . . . shall be presumed to be fraudulent and void, as against the creditors of the vendor, . . . or subsequent purchasers in good faith; and shall be conclusive evidence of fraud, unless it shall be made to appear, on the part of the persons claiming under such sale, . . . that the same was made in good faith, and without any intent to defraud such creditors or purchasers." Now, though it is apparent from the evidence that there was all the delivery to the purchaser, change and continued change of possession, that the nature of the case would permit, assuming that the circumstances were such, under the statute,

as to raise a presumption of fraud, the proof is undisputed that the corporation paid full value for the property, by issuing corporation stock therefor, which it had an undoubted right to do under the statute. Sec. 1753, R. S. 1878. That circumstance, so established, effectually rebutted the presumption of fraud arising from mere want of actual change and continued change of possession, if there were such. The law is well settled in this state that the legal presumption of fraud, arising under the statute in favor of the creditor of a vendor out of the mere fact that such vendor has sold property to another and thereafter retained possession of the same, is rebutted by proof of the payment of a full consideration for such property to the vendor by such other. *Norwegian Plow Co. v. Hanthorn*, 71 Wis. 529.

It follows from the foregoing that, as the case stood at the close of the evidence when the court directed a verdict for the defendant, there was no evidence to impeach the title of the plaintiff to the property on the ground of fraud, and if the facts were otherwise, there was no proof that the defendant represented a creditor of the Densmores or was in a position to attack the transfer by them to the corporation on the ground of fraud or any other.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.