GRISWOLD, Appellant, vs. NICHOLS, Respondent.

*February 25—March 21, 1903.*

*Fraudulent conveyances: Payment of firm debt with partnership property: Creditors of individual partner: Instructions: Evidence: Presumptions.*

1. A transfer of partnership property to a creditor in payment of a firm debt is not fraudulent as against creditors of an individual partner, if the property so transferred did not exceed in value the amount of the debt.

2. Where, in replevin for property which had been seized on execution against his son, plaintiff claimed that the property had been owned, and transferred to him, by a firm of which his son was a member and by the son's partner in payment of a firm debt, it was error to instruct the jury that plaintiff claimed that he had acquired the property by purchase from his son.

3. Proof of payment of full and adequate consideration overcomes the presumption of fraud arising under sec. 2310, Stats. 1898, with respect to a sale of chattels not followed by change of possession.

4. Giving credit upon an existing *bona fide* indebtedness is tantamount to the payment of new and full consideration.

APPEAL from a judgment of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

Action for replevin for certain bar furniture and two horses seized by the defendant, as sheriff, by virtue of an execution against one Luther Griswold, Jr., son of the plaintiff. Plaintiff was shown to have loaned money to his son, to be used by the latter and a partner in establishing a saloon business in Chicago. It was claimed that the property in question belonged, the bar fixtures to that firm, and the horses to the partner, Weigel, and was delivered by such owners to the plaintiff by shipment from Chicago to him at Baraboo, in part payment of that indebtedness. It appears that the goods were shipped from Chicago to "L. Griswold," and were accompanied from Chicago by the son, taken by him from the railroad, the bar fixtures stored in a warehouse, and the horses put in plaintiff's barn; the son thereafter stopping with his father. It was claimed on the part of the defense that the goods had belonged to the son, and that there had been no delivery or change of possession; hence that, if any transfer was made from him to the plaintiff, it was fraudulent and void as against his creditors. The case was tried by a jury, and verdict returned in favor of the defendant, and judgment rendered thereon for the possession of the goods and nominal damages, after overruling a motion on the minutes for a new trial. From such judgment the plaintiff appeals.

*Daniel Ruggles,* for the appellant.

For the respondent there was a brief by *Bentley & Kelley,* and oral argument by *F. R. Bentley.*

DODGE, J.   The evidence in this case established without dispute the existence of an indebtedness of the son individually, and of the partnership composed of himself and Weigel, to the plaintiff, in an amount greater than the stipulated value of the property involved.   The direct testimony was all to the effect that at the time of shipment from Chicago that property belonged part to the firm and part to Weigel, and none to Griswold, Jr.   The only evidence to overcome such proof of ownership was certain alleged declarations of the latter to the effect that he owned such property.   Whether the circumstances were such as to render those declarations admissible in evidence, as being made in plaintiff's hearing or while witness was in possession, and, if so, whether they were sufficient to put in issue the otherwise clear proof of other ownership, are debatable questions, which, though raised by assignments of error, we shall not deem it necessary to decide, as they may well be presented differently upon another trial.   It suffices for the consideration of other questions to note that there was evidence that the alleged transfer to the plaintiff of this property was not from the son, but was from his partner and their firm.

The first error assigned is upon the refusal of the court to instruct the jury, upon request:

"If you find that the fixtures were partnership property, and were transferred to *L. Griswold, Sr.,* to pay a partnership debt, there can be no fraud in such transfer, as against the creditors of L. Griswold, Jr., if the fixtures transferred are of less value than the amount of the debt."

Nothing equivalent and nothing to suggest the idea was embodied in the charge, nor is there any good reason suggested by respondent why that instruction was not given.

Surely, if the son did not own the property, its transfer to the plaintiff could not work any fraud upon the son's creditors. "He could not have defrauded his own creditors by wrongfully disposing of some other person's property." *Campbell v. Jackson,* 80 Wis. 48, 49 N. W. 121. By the refusal of this instruction was withheld from the jury one of the important issues litigated, the resolution of which in plaintiff's favor would have entitled him to judgment. Its refusal was error.

2. The next assignment of error is in analogy to that last considered. The court, in instructing the jury as to the issues, informed them that plaintiff claimed the property was his and had been by him acquired by purchase from his son; that the consideration paid for the property was the sum due him from said son and his partner as a loan he had made them theretofore; and that the property had been delivered by his son to him. This was a direct perversion of the plaintiff's claim that the property was sold to him, not by his son, but by the partnership and by the partner, Weigel, and that it had been delivered to the plaintiff by such partner. Thus again the court obscured and practically took from the jury the question of whether the source of the father's title was the son, against whom the defendant sheriff had the execution, or some one else—clearly prejudicial, and therefore erroneous.

3. Error is also assigned upon further instruction as follows:

"If you find that . . . the son, as owner of the property in question, made sale of the property in question to the plaintiff, his father, for the purpose of paying the debt referred to, but that the goods and horses were not delivered and no actual and continued change of possession thereof on the part of the plaintiff followed delivery, then such sale is presumed to be fraudulent and void as against the creditors of L. Griswold, Jr."

The effect of this instruction is that, although the property was conveyed and received for the purpose of paying a *bona*

*fide* debt, nevertheless there is a presumption that it was fraudulent, unless the complete change of possession required by sec. 2310, Stats. 1898, took place. The mere statement of the effect of this instruction suffices to point the error embodied in it. The statute provides that if a sale is made, and possession does not change, presumption of fraud against creditors arises, and the burden is upon the purchaser to overcome that presumption by proof; but, as this court has repeatedly held, when he proves that he paid full and adequate consideration therefor, he effectively disproves the fraud, *prima facie,* and shifts the burden back upon him who asserts it. *Norwegian Plow Co. v. Hanthorn,* 71 Wis. 529, 537, 37 N. W. 825; *Cook v. Van Horne,* 76 Wis. 520, 526, 44 N. W. 767; *Densmore C. Co. v. Shong,* 98 Wis. 380, 385, 74 N. W. 114. Giving credit upon an existing *bona fide* indebtedness is tantamount to the payment of new and full consideration. *Gleason v. Day,* 9 Wis. 498. The instruction burdened the plaintiff with this adverse presumption, although the jury should find established the facts of such full and adequate consideration. This, also, was error.

Other portions of the charge embodied this same idea, namely, that the burden rested on plaintiff to prove both the valuable consideration and a change of possession, or, in lieu of the latter, absence of fraud. They need not be quoted or discussed, however. That the idea itself is erroneous will, of course, prevent their repetition.

*By the Court.*—Judgment reversed, and cause remanded for new trial.