## F. D. BEEDE v. NIDES FINANCE CORPORATION AND OTHERS.[1]

February 7, 1941.

No. 32,481.

*Henry G. Middaugh* and *Arthur R. Smythe,* for appellant.
*Benjamin W. Pass,* for respondents.

PETERSON, JUSTICE.

Plaintiff sues to recover damages alleged to have been caused by defendants' wrongfully causing a levy under execution to be made on his automobile, a 1939 Ford Tudor. The corporate defendant was the execution creditor, and the individual defendants were its officers and agents who acting in its behalf directed and caused the acts to be done of which complaint is made. The sheriff who made the levy was not joined as a defendant.

The execution was issued on a default judgment in favor of the corporation against the plaintiff in an action to recover the unpaid purchase price of another automobile. There was an affidavit of personal service and of plaintiff's default. After the levy was made plaintiff moved to vacate the judgment and levy and set aside

[1]Reported in 296 N. W. 413.

the service upon the ground that the summons was not served upon him. The affidavits used on the hearing of the motion have not been returned to us. The court found that service had not been made, set aside the service, and dismissed the action for want of jurisdiction. On the trial below plaintiff denied that there had been personal service. The wife denied that residence service had been made. Defendants admitted in effect that no personal service was made. Instead, they claimed that residence service had been made. One of the corporate defendant's employes, the defendant Finseth, testified that the summons was served upon plaintiff by leaving a copy at his house of usual abode with his wife, a person then residing therein.

Pursuant to stipulation, plaintiff's automobile was delivered to his attorney pending the decision on the motion to vacate.

The complaint abounds in allegations of malice and abuse of process. The case was tried upon the theory that the action in which the judgment was rendered was maliciously prosecuted and that the wrongful levy was an abuse of process. The issue of malicious prosecution, as well as the others, was submitted to the jury. Plaintiff had a verdict.

The court granted defendants' motion for judgment notwithstanding the verdict upon the grounds that an action for malicious prosecution will not lie unless there has been a termination of the action on the merits favorable to the plaintiff and that there was no such termination of the action here since it was dismissed solely upon jurisdictional grounds. Plaintiff appeals from the order. The only question here is whether the order granting judgment notwithstanding the verdict was correct as a matter of law.

No person has the right to interfere with the property of another without his consent except under legal process. Such process can be issued only under a valid judgment. A valid judgment cannot be rendered against a party without due service of process upon him. A judgment entered without such service of process is absolutely void, not merely irregular or erroneous. A void judgment is in legal effect no judgment. No rights can be di-

vested or obtained under it. Neither binding nor barring anyone, all acts performed under it and all claims based on it are void. One who attempts to enforce such a judgment is not protected by it. A party who causes a levy to be made under an execution issued upon a void judgment acts without justification and is liable as a trespasser for having caused a wrongful levy. Gunz v. Heffner, 33 Minn. 215, 22 N. W. 386. In the cited case plaintiff sued to recover for a wrongful levy and sale of his property under an execution issued upon a judgment which was entered against him by default upon an attempted residence service by leaving a copy with a person who did not reside at the house of plaintiff's usual abode. We held that the judgment, which was set aside as void and not merely irregular in the prior action of Heffner v. Gunz, 29 Minn. 108, 12 N. W. 342, afforded no justification for the judgment creditor's acts thereunder. That case is decisive here and is in accord with the authorities elsewhere. Allen v. Corlew, 10 Kan. 70 (*per* Brewer, J.) ; Young v. Bircher, 31 Mo. 136, 77 Am. D. 638; Lewis v. Palmer, 6 Wend. (N. Y.) 367; Bender v. Askew, 3 Dev. L. (14 N. C.) 149, 22 Am. D. 714; Marks v. Wright, 81 Wis. 572, 51 N. W. 882; 21 Am. Jur., Executions, § 25, note 7; 23 C. J. p. 978, § 1237, notes 48 and 51.

The actionable wrong here is the tortious taking of plaintiff's property, and it makes no difference that there are allegations also of malice and other wrongful conduct on the part of the defendants. Farmer v. Crosby, 43 Minn. 459, 45 N. W. 866.

The fact that the court did not acquire jurisdiction of plaintiff by service of the summons upon him in the action in which the default judgment was entered against him rendered the judgment absolutely void and the levy thereunder on his automobile tortious. The court below erred in ordering judgment notwithstanding the verdict in favor of the defendants upon the grounds stated in its order. That error compels a reversal here.

Reversed.