Cook and others vs. Van Horne.

76    520<br>117    4271

Cook and others, Respondents, vs. Van Horne, Appellant.

*January 13— April 29, 1890.*

Sale of Chattels: Logs and Lumber. *(1) When title passes. (2, 3) Marked logs: Recording bill of sale: (4) Non-delivery: Presumption of fraud, how rebutted.*

1. A bill of sale of certain saw-logs at a certain price per thousand feet,— the amount to be settled by the mill scale,—provided that the title and possession should vest in the purchasers "on the ensealing of these presents," but provided further that the culls should belong to the seller, or be taken by the purchasers at a certain price per thousand feet for mill culls in the pile. *Held*, that there was a sale of the whole of the logs, and that as between the parties the title vested in the purchasers on the delivery of the contract.

Cook and others vs. Van Horne.

2. A conveyance of marked logs by a bill of sale which does not "specify the marks placed upon said logs and when they were cut," may be valid as to all persons though not recorded as provided in sec. 1739, R. S.

[3. Whether sec. 1739, R. S., applies to a case where actual possession of the logs has been delivered to and retained by the purchaser, not determined.]

4. The facts that the purchasers of chattels actually paid all they were worth, that the purchase was made in open market in the usual course of business, and that there is no suggestion that it was made with reference to its effect upon any creditor of the vendor or that the purchasers knew that he was insolvent, are sufficient to rebut the presumption of fraud arising, under sec. 2310, R. S., from the want of a change in the possession of the goods.

APPEAL from the Circuit Court for *Bayfield* County.

When this action was brought, and before that time, the plaintiffs were partners under the firm name of S. G. Cook & Co., and the defendant was, at the same time, sheriff of Bayfield county in this state. The action is to recover the possession of a lot of logs which the plaintiffs claim to have purchased of Rood & Maxwell, the owners thereof, on October 17, 1887, the same then being in the boom of Rood & Maxwell at Washburn in said county. The defendant claims the right to the possession of the logs under a writ of attachment issued out of the circuit court of Bayfield county, in an action brought by the Third National Bank of St. Paul against Rood & Maxwell, by virtue of which attachment he seized the same on October 24, 1887.

On the trial, the plaintiffs put in evidence a written bill of sale of the logs in controversy, in and by which, in consideration of six dollars per thousand feet, board measure, Rood & Maxwell sold and conveyed to them (quoting from the bill of sale) "all the pine saw-logs in our boom at Washburn, Wisconsin, except those marked and sold to Thompson & Walkup Co.; the title to said logs and the possession to vest in the said Cook & Co. on the ensealing of these presents. The amount is to be settled by the mill

Cook and others vs. Van Horne.

scale,— scaler to be selected by both parties, seller and pur-
chaser,— culls to belong to seller, or to be taken by the
purchaser at three dollars per thousand feet for mill culls
in the pile." The above are the only material portions of
the instrument. The plaintiffs gave Rood & Maxwell their
notes for $20,000 on account of the logs, and afterwards
paid them. About $10,000 of the proceeds of these notes
was paid to the attaching creditor, the Third National
Bank of St. Paul, and the amount applied on the past in-
debtedness of Rood & Maxwell to it. The bill of sale was
never recorded in the office of the lumber inspector of the
district in which the logs were situated.

A few days after the bill of sale was executed, and be-
fore the sheriff seized the logs, one of the plaintiffs went to
Rood & Maxwell's mill at Washburn, told their foreman
that the plaintiffs owned the logs, showed him the bill of
sale to prove their ownership thereof, and gave him in-
structions in regard to cutting them. The logs were in
close proximity to them at the time.

The facts above stated are uncontroverted. The parties
stipulated on the trial the following facts: On October 17,
1887, Rood & Maxwell had in their boom, at Washburn,
2,724,115 feet of pine saw-logs, exclusive of those thereto-
fore sold by them to Thompson & Walkup Co., and were
the owners thereof, subject only to any claim the latter
company might be able to establish thereon under their
contract with Rood & Maxwell of September 28, 1887.
The logs containing the above number of feet are the logs
claimed in this action, and on October 24, 1887, they were
worth six dollars per thousand feet. The sheriff seized
them on the day last aforesaid, as the property of Rood &
Maxwell, by virtue of the attachment above mentioned,
which was a valid process. The bank obtained judgment
for $205,000 in its action against Rood & Maxwell, in Feb-
ruary, 1888, and issued execution thereon. The sheriff re-

tained possession of the logs, under the attachment and execution, until this action was commenced in April following. Due demand was made for the logs, of the sheriff, before the action was brought. The logs were taken from the sheriff by virtue of the replevin herein, but were thereafter returned to him, and by him sold under such execution.

Upon the above facts, the court directed the jury to return a verdict for the plaintiffs, which they accordingly did. The verdict is in due form. The value of the logs is assessed therein according to the stipulation of the parties. Judgment was thereupon entered for the plaintiffs pursuant to the verdict. The defendant appeals from the judgment.

For the appellant there were briefs by *T. R. Palmer* and *Tomkins, Merrill & Smith*, attorneys, and *Bashford & O'Connor*, of counsel, and the cause was argued orally by *R. M. Bashford*. They contended, *inter alia*, that the bill of sale is void as against attaching creditors, because: (1) It does not specify the marks placed upon the logs and when they were cut. (2) It is not entitled to record. (3) It was not recorded as the law requires. R. S. sec. 1739; *McCutchin v. Platt*, 22 Wis. 561; *Cadle v. McLean*, 48 id. 630; *Bunn v. Valley Lumber Co.* 51 id. 376. Furthermore, it does not purport to be a sale of the logs, but a contract to sell a *portion* of the *lumber* to be *thereafter* manufactured from them.

For the respondents there was a brief by *Jenkins & Jenkins*, and oral argument by *J. J. Jenkins*.

The following opinion was filed January 28, 1890:

Lyon, J. Testimony was introduced by the plaintiffs, which they claim proves that they took actual possession of the logs in controversy before they were seized by the sheriff by virtue of the attachment as the property of Rood & Maxwell. The substance of such testimony is given in

the foregoing statement of facts. The view we have taken of the case renders it unnecessary to determine whether there was or was not an effectual taking possession of the logs by the plaintiffs. We shall therefore consider the case on the hypothesis that the plaintiffs never had the actual possession of the logs.

1. The question which first presents itself is, Did the contract of October 17, 1887, as between the parties thereto, convey to the plaintiffs and vest in them the title to the logs and the right to the possession thereof? Under the terms of the contract, an affirmative answer to this question is inevitable. Its language is: "The title to the said logs and the possession to vest in the said Cook & Co. on the ensealing of these presents." It was claimed in argument that the effect of this broad general language is limited or qualified by the provision therein regarding culls, to wit: "Culls to belong to seller, or to be taken by the purchaser at three dollars per thousand feet for mill culls in the pile." We do not think the provision has the effect claimed for it. The plaintiffs purchased the whole of the logs, but reserved the option to require Rood & Maxwell to keep the mill culls *in the pile;* that is, after the logs were sawed and the culls were piled. This falls far short of a reservation by Rood & Maxwell of the lumber cut from the logs which should grade as "culls," or so much of each log as proved to be culls when sawed. It appears that the plaintiffs elected to keep and pay for such cull lumber, but when the election was made we are not advised. As between the parties to the contract, we conclude the title to the logs vested in the plaintiffs on the delivery of the contract. It is too well settled to require citation of authorities to the proposition, that the fact the lumber had to be cut, graded, and measured before the aggregate contract price therefor could be determined is no impediment to a transfer of the title thereto to the plaintiffs when the contract was executed.

2. Having thus determined that the plaintiffs purchased the logs of Rood & Maxwell and took a valid title thereto as against them, the next question is, Did they thereby obtain a valid title thereto against the creditors of Rood & Maxwell? They did unless their title is defeated by their failure to have the contract so written as to entitle it to be recorded, and to have it recorded in the lumber inspector's office of the proper district, pursuant to sec. 1739, R. S.; or unless they have failed to rebut the presumption of fraud arising from the want of a change of possession of the logs, by proof that the purchase thereof by them was made in good faith and without any intent to defraud such creditors. Sec. 2310.

Sec. 1739 reads as follows: "All mortgages, liens, bills of sale, or other written instruments, in any way affecting the ownership of any marked logs in any lumber district, which shall specify the marks placed upon said logs and when they were cut, shall be recorded in the office of the lumber inspector in which said marks are recorded; and no such conveyance, lien, mortgage, or transfer shall be valid, except as to the parties thereto, until the same is so recorded, or until the same shall be filed with some deputy lumber inspector, who shall immediately forward such instrument to the inspector of the proper district. Such filing and recording of all such instruments and papers shall have the same effect as notice as the recording of deeds and mortgages in the office of the register of deeds."

The logs in controversy were marked logs, but the contract of October 17, 1887, does not specify the marks placed upon such logs, nor when they were cut. Hence it was not entitled to record under the statute, and was not recorded. The learned counsel for the defendant maintains, with much ingenuity of argument, that, as against all the world except the vendor, a sale of marked logs, with or without change of possession, or with or without notice thereof, is

void. It will serve no useful purpose to follow the argument. We are unable to give the statute the construction contended for. We think, and so hold, that it is competent for parties dealing in marked logs so to frame their contracts in respect thereto as to bring them within sec. 1739, or, at their option, to frame them differently, so they will remain subject to the common law and statutory rules which would govern them had sec. 1739 not been enacted. The parties to the contract under consideration chose to so frame their contract as to take it out of the purview of that section. On the hypothesis that plaintiffs never had actual possession of the logs, the question whether sec. 1739 is applicable to a case where such actual possession has been delivered to and retained by the purchaser is not here involved. It may not be improper to suggest, however, that the court, as at present advised, would hesitate to hold that the section contemplates such a case.

The next question is, Have the plaintiffs made the proofs required by sec. 2310[1] to rebut the legal presumption of fraud arising from the want of a change of the possession of the logs? We are of the opinion that they have done so. They show that they actually paid for the logs all they were worth. The purchase was openly made, in the usual course of business, and there is not the slightest suggestion that it was made with reference to its effect upon any creditor of Rood & Maxwell, or that the plaintiffs knew that firm was insolvent. This is sufficient to rebut such legal presumption of fraud. It follows from the

---

[1] Sec. 2310, R. S., provides: "Every sale . . . and every assignment of goods and chattels, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession, . . . shall be presumed to be fraudulent and void as against the creditors . . . or subsequent purchasers in good faith; and shall be conclusive evidence of fraud, unless it shall be made to appear . . . that the same was made in good faith, and without any intent to defraud such creditors or purchasers."— REP.

above views that the plaintiffs by their purchase of the logs took a valid title thereto as against the creditors of Rood & Maxwell, including the attaching creditor who is here represented by the sheriff.‾

The propositions above determined dispose of all the material errors assigned, either by overruling them or rendering them immaterial. It is not necessary to state them in detail. We conclude that the undisputed evidence proves conclusively that the plaintiffs are entitled to the judgment they have recovered, and hence that the court properly directed the jury to return a verdict for them.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for a rehearing was denied April 29, 1890.