BURKE v. DUNN.

1. PERSONAL PROPERTY — PERSON IN POSSESSION AT OWNER'S DEATH—REPLEVIN—WITNESSES.

One having possession of personal property at the death of the owner is entitled to defend such possession pending the appointment of an administrator, and, when sued therefor, is the representative of the deceased, within the meaning of 3 How. Stat. § 7545, so as to render the plaintiff incompetent to testify to matters equally within the decedent's knowledge.

2. SAME—SALE—DELIVERY—PAYMENT AS CONDITION PRECEDENT—PRESUMPTIONS.

On a sale of goods, where nothing is specified as to delivery or payment, a presumption arises that the purchase price is to be paid as a condition precedent to delivery.

3. SAME—EVIDENCE—TRANSACTION WITH DECEDENT.

The presumption that the payment to decedent of the purchase price of a horse sold by him was to be a condition precedent to delivery, which had not been effected at his death, is not overcome by evidence that he told a third person that he had sold the horse for a stated amount, and that the purchaser had paid part of the price, and was coming after the horse in a few days.

Error to Shiawassee; Smith, J. Submitted June 7, 1898. Decided June 28, 1898.

Replevin by George W. Burke against James Dunn. From a judgment for plaintiff, defendant brings error. Reversed.

*John T. McCurdy* (*Edwin H. Lyon*, of counsel), for appellant.

*Frank F. Bumps*, for appellee.

MONTGOMERY, J.    This is an action of replevin for a horse.    The claim of plaintiff is that he bought the horse of one O'Malio in April, 1897; that, shortly after this purchase, O'Malio died.    The plaintiff thereupon tendered to the widow of O'Malio the portion of the purchase price remaining unpaid, and demanded the delivery of the horse by defendant, in whose possession the horse was at O'Malio's death.    The widow refused the tender, apparently on the ground that, as no administrator had been appointed, she had no right to receive the money; and the defendant, for a like reason, refused to part with the possession cast upon him by O'Malio's death.    The plaintiff, not willing to await the appointment of an administrator, brought this action, and was permitted to recover.    The defendant brings error.

The circuit judge, in effect, charged the jury that, at the decease of O'Malio, the title to the personal property remained in abeyance until the appointment of an administrator, but that if the title to the horse had fully vested in the plaintiff, discharged of any vendor's lien, the plaintiff had the right to recover possession of it from any one in whose custody it happened to be.    The defendant contends that the undisputed evidence shows that O'Malio retained an interest in or lien upon the horse for an unpaid balance of the purchase price.

The plaintiff was a witness to the bargain with O'Malio, and at the close of the testimony the court struck out his testimony as to facts equally within the knowledge of deceased.    The appellee challenges this ruling, contending that the defendant is not the representative of deceased, within the meaning of section 7545, 3 How. Stat.    We think, however, the ruling of the circuit judge was correct.    The defendant, having possession cast upon him by the death of O'Malio, was entitled to defend that posses-

sion. *Parks* v. *Norris*, 101 Mich. 71, and cases cited. To hold that, while thus lawfully maintaining possession of the property, he is not a representative of the deceased, within the meaning of this statute, would permit an evasion of the statute by unseemly promptness in planting a suit before an administrator can be appointed. Every consideration forbids such a construction. The only testimony offered to show title, aside from that of the plaintiff (which was properly excluded), was that of one Mason, who testified, in effect, that O'Malio told witness that he had sold the horse in question to plaintiff for $60; that plaintiff had paid $30 on the horse, and was coming after the horse in a few days.

On a sale of goods, where nothing is specified as to delivery or payment, the vendor has the right to retain the goods until payment of the price; he has in all cases at least a lien, unless he has waived it. Benj. Sales (6th Ed.), § 796. It is true, an extension of credit beyond the date of delivery may operate to waive the lien; but the testimony in this case fails to show any such extension of credit. The implication of law is that the purchase price is to be paid, as a condition precedent, before the vendor shall be obliged to part with his goods. *Bloxam* v. *Sanders*, 4 Barn. & C. 941; *Arnold* v. *Delano*, 4 Cush. 33, 38; *Conrad* v. *Fisher*, 37 Mo. App. 352, 382. This presumption was not overcome by any competent evidence in this case, and it follows that the judgment must be reversed, and a new trial ordered.

The other Justices concurred.