S. CLARK, Appellee, v. SHANNON & MOTT CO., Appellant

Sales: TRANSFER OF TITLE. Where plaintiff's agent went to a store to purchase a stock of goods of a firm, and a bill of sale was executed and delivered, a part payment made, and a person put in charge as plaintiff's agent, in an action by plaintiff to recover the goods seized under a subsequent chattel mortgage executed by the firm to a creditor with notice of the sale, an instruction that, to defeat defendant's mortgage, there must have been an actual delivery or change of possession and control of the property when the bill of sale and partial payment was made, cast a greater burden on the plaintiff than he was required to sustain, and the error, if any, was not available to the defendant.

DELIVERY: *Jury question*. The keys to the store were not turned over pend ing the temporary absence of plaintiff's agent to obtain the unpaid price of the goods. *Held*, in an action against a subsequent mortgagee of the stock, with notice, to recover the goods, that the question whether the facts constituted a delivery of the goods was for the jury.

*Same—Intent to deliver*. Where the question of delivery of goods sold or the passing of title depends on the intention of the parties, such intention is a question for the jury.

*Same*. Where the right of a buyer to recover goods from a mortgagee depended on whether the goods had been delivered and there had been a change of ownership, requested instructions that, if the jury should find certain facts concerning the conduct of the parties in relation to the goods, then they should find no change of possession or ownership, were properly refused, as it was not within the province of the court to charge, as a matter of law, that any one or more of them would defeat the sale, though it was proper for the jury to take such facts into consideration.

*Same*. Where an action to recover a stock of goods sold depended on the question of delivery, and the evidence showed no attempt to transfer the lease of the building in which the goods were located it was proper to charge that, while the seller retained possession of the keys and possession of the building in which the goods were situated, the jury might still find that there had been a delivery of the goods to the buyer.

Parol Variance of Bill of Sale: WHAT IS NOT. Where plaintiff's
. agent purchased a stock of goods of a firm and a bill of sale
was executed and delivered, parol evidence as to what was said
by the parties, when the bill of sale was made, with reference
to the possession and control of the property, was not objec-
tionable in an action by the buyer to recover the goods from a
subsequent mortgagee with notice on the ground that the evi-
dence tended to vary or contradict the bill of sale.

*Review on appeal.* Where there was evidence to support a finding
that a sale had been completed and the goods delivered prior
to the execution of a mortgage on the goods by the seller, it
will not be reversed on appeal.

*Appeal from Polk District Court.*—HON. C. P. HOLMES,
Judge.

THURSDAY, OCTOBER 23, 1902.

ACTION in replevin for a stock of merchandise. Ver-
dict and judgment for plaintiff, and defendant appeals.—
*Affirmed.*

*Woodin, Nichols & Ayres* and *C. E. Hunn* for
appellant.

*Dale & Allen* for appellee.

WEAVER, J.—The plaintiff's agent went to the store of
one Bartle & Susong to purchase a stock of goods belonging
to the latter. The price was agreed upon, and Bartle &
Susong executed and delivered a bill of sale of the goods
to the plaintiff, and received $10 in part payment. After
making this payment, the agent went out for the osten-
sible purpose of procuring the remainder of the price,
leaving one Stivers in the store in some capacity to look
after plaintiff's interest. Just how much control
Stivers exercised over the property, and whether
there was a technical delivery of the goods, is a
matter of some dispute. After the transaction, and before
the plaintiff's agent returned, Bartle & Susong, being

indebted to defendant, gave to it an order on plaintiff for the unpaid balance of the agreed price of the goods. On presenting this order, defendant was informed that plaintiff had been garnished at the suit of another creditor of Bartle & Susong, and, returning to the latter, secured from them a chattel mortgage upon the stock, under which defendant caused the property to be seized, whereupon this action was instituted.

I.   Even though the alleged sale of the stock to plaintiff had not been followed by any change in the actual manual possession, yet, the price having been definitely agreed upon, a partial payment made and accepted, and a bill of sale made and delivered, the sale being made in bulk, leaving nothing to be done to designate or set apart the subject of the transaction, it is, to say the least, more than probable that the title passed, and the contract became enforceable against a subsequent purchaser with notice, as defendant confessedly is. In *Wade v. Moffett*, 21 Ill. 110 (74 Am. Dec. 79), Breese, J., says: "It is a general rule of the common law as to sales of chattels that, as between vendor and vendee, no actual delivery, symbolical or otherwise, is necessary; the completion of the bargain being all that is requisite to pass the title, though not the possession, until the price be paid or satisfactorily arranged." See, to the same effect. *Welch v. Spies*, 103 Iowa, 389; *Bank v. Studemann*, 74 Iowa, 104; *Bank v. Reno*, 73 Iowa, 146; *Bertelson v. Bower*, 81 Ind. 512; *Willis v. Willis' Adm'r*, 6 Dana, 48; *Gardner v. Howland*, 2 Pick. 599; *Shumway v. Rutter*, 8 Pick. 443 (19 Am. Dec. 340); *Hooben v. Bidwell*, 16 Ohio, 509 (47 Am. Dec. 386); *Ricker v. Cross*, 5 N. H. 571 (22 Am. Dec. 480); *Lansing v. Turner*, 2 Johns. 13; *Briggs v. U. S.*, 143 U. S. 346 (12 Sup. Ct. Rep. 391, 36 L. Ed. 180); *Rail v. Lumber Co.*, 47 Minn. 422 (50 N. W. Rep. 471); *Wing v. Clark*, 24 Me. 366; *Hinde v. Whitehouse*, 7 East, 558; 2 Kent, Commentaries, 492; 2 Blackstone, Commentaries,

448. A delivery of a bill of sale has often been held to operate as a delivery of the property. *Fletcher v. Nelson*, 6 N. D. 94 (69 N. W. Rep. 53); *Cook v. Van Horne*, 76 Wis. 520 (44 N. W. Rep. 767); *White v. McCracken*, 60 Ark. 613 (31 S. W. Rep. 882); *Briggs v. U. S., supra*; *Gibson v. Stevens*, 8 How. 397 (12 L. Ed. 1123). And a transfer of title is not at all inconsistent with the fact that the seller retains the property under his control until the purchase price is paid. In such case he holds the property as bailee of the purchaser, with a lien thereon for the unpaid purchase price. *Welch v. Spies, supra*; *Arnold v. Delano*, 4 Cush. 33 (50 Am. Dec. 754); *Burke v. Dunn*, 117 Mich. 430 (75 N. W. Rep. 931); *Safford v. McDonough*, 120 Mass. 290; *Crummey v. Randenbush*, 55 Minn. 426 (56 N. W. Rep. 1113). It is unnecessary, perhaps, to pursue this line of investigation, in view of the fact that the trial court instructed the jury, in substance, that, in order to defeat the lien of defendant's mortgage, they must find there was an actual delivery or change of the possession and control of the property at the time when the bill of sale and partial payment was made. By this instruction a greater burden was cast upon the plaintiff than would be indicated by the authorities above referred to. Of this, however, the defendant cannot complain, as the error, if any, tended to the prejudice of the other party alone. But even on the theory adopted by the court (which seems to be substantially the theory contended for by defendant), the question whether the transactions between the plaintiff and Bartle & Susong amounted to a delivery, and therefore a completed sale, was for the jury, under proper instructions of the court. 2 Mechem, Sales, section 967; *Thompson Manufacturing Co. v. Smith*, 67 N. H. 409 (29 Atl. Rep. 505); *Merricks v. Davis*, 65 Ill. 322; *Tennant Shoe Co. v. Rudy*, 53 Mo. App. 196; *Sharpless v. Derr*, 62 Mo. App. 359; *White v. Pease*, 15 Utah, 170 (49 Pac. Rep. 416). And if, as is urged, the question

of delivery or the passing of title is to be determined by
the intention of the parties, that intention is also a fact
for the jury to find. 1 Mechem, Sales, sections 501, 502.
In short, upon either theory of the case the controversy is
essentially one of fact, and, the fact having been found by
the jury, and there being evidence to support the finding,
this court cannot assume to determine it otherwise.

II.   Defendant submitted five requests for instructions
to the jury.   Each of them is to the effect that, if the jury
should find certain facts concerning the conduct of the
plaintiff and Bartle & Susong in relation to the goods, then
there was no change in the possession or ownership, and
plaintiff was not entitled to recover.   There was no
error in refusing to give these instructions.   The
court might properly have said—and in its charge
did say—that all these facts mentioned in defendant's re-
quests were proper to be considered in determining whether
there had been an' actual delivery of the goods; but it was
not within the province of the court to charge as a matter
of law that any one or more of them would defeat the
alleged sale to plaintiff.   Some objection is also made by
appellant to the instructions given by the court.   This
objection is based more particularly upon certain language
employed in the charge to the effect that, while
Bartle & Susong retained the keys and possession of
the building in which the goods were situated, the
jury might still find that there had been a delivery of the
goods to the plaintiff.   We see no reason to criticise this
proposition.   Plaintiff's testimony tended to show the de-
livery of the bill of sale, the surrender of further control
of the goods by Bartle & Susong, and the installation of
plaintiff's employes in charge of the property.   As there
was no attempt made to transfer the lease of the building,
the retention of the keys by the vendors of the goods was
entirely consistent with a delivery of the latter.   Of the
rulings of the court upon the admission of testimony we

will only say we think the objections thereto are not well founded. Evidence of what was said and done by the parties, at the time the bill of sale was made, in reference to the possession and control of the property, was not obnoxious to the rule which forbids oral evidence to vary or contradict a written contract. The defendant was not a party or privy to the bill of sale. Moreover, the conduct and statements of the parties in reference to possession did not have any tendency to add to or take from the terms of the writing. The defendant company was accorded a fair hearing. It makes no claim that plaintiff's purchase should be avoided for fraud. It knew of the purchase, and sought to reap the benefit of it by taking an assignment or order from Bartle & Susong for the balance of the price, and, had it not found itself forestalled by a still more active creditor, it would, of course, be satisfied to affirm the validity of the sale. A mortgage taken under such circumstances carries with it none of the favor which the law extends to purchasers without notice, and the holder of such instrument cannot complain if the sale which he thus seeks to undermine is found by the jury to be unassailable.

The judgment of the district court is AFFIRMED.